PEOPLE EX REL. AUGUSTUS C. MACKENZIE v. TREASURER OF BARAGA TOWNSHIP.

*Commissioner of highways—Bids for public work.*

All persons contracting with a public officer for public work are bound to take notice of the provisions of the statute under which the work is let.

A *de facto* commissioner of highways let a job without requiring the bidders to offer security at the time of letting, and without finishing the contract then or adjourning the proceedings to some stated day. The successful bidder some days afterwards refused to sign the contract, and the commissioner, without acting publicly, gave the job to the next higher bidder. *Held* that the proceedings did not conform to the statute, and that the township treasurer could not be compelled to pay the order issued by the commissioner to the contractor.

Mandamus was granted to compel payment of a proper order made upon the township treasurer by a commissioner of highways who was performing the duties of his office though he had not filed an official bond.

Costs were denied on refusing a writ of mandamus where the application covered two distinct cases in one of which the writ was granted.

MANDAMUS. Motion submitted Oct. 23. Decided Oct. 31.

*Ball & Owen* for relator. The acts of a. *de facto* highway commissioner are valid, *Wayne County Auditors v. Benoit*, 20 Mich., 176; where the lowest bidder for public work fails to comply with the conditions on which

it is let, the next lowest, who complies, takes the contract, *Carpenter v. Licking County*, 26 Ohio St., 531.

*F. A. Cahill* and *S. F. Seager* for respondent.

GRAVES, J. This is an application for *mandamus*, and the case comes up on a state of facts found by the circuit court on the basis of the order to show cause against the application.

At the spring election of 1876 one George W. Few was elected highway commissioner of the township of Baraga and acted in the office until December 5th thereafter, at which time he was ousted by judgment in the nature of proceedings by *quo warranto* in consequence of having failed to give the required official bond. August 26th, 1876, having given lawful notice for letting a job of more than $10 at that time, he attended to receive bids. Only two bidders appeared at the opening of the biddings. He offered the work, and one of these, a Mr. Sterling, his brother-in-law, bid $715, and the other one, McCawley, offered to do the work for $700.

The job was awarded to the latter. Thereafter and in course of about twenty minutes another person appeared and offered to take the job at $250 and McCawley suggested to Few to put up the job again and save the money. He declined on the ground that the work was already let and could not legally be re-offered. A contract was then drawn up to be executed by McCawley and the latter went away to obtain security.

It would seem that the parties then separated without anything farther and without even the form of a postponement in terms to any future specific time. No contract had been made. The next occurrence was about a week later. McCawley then informed Few that he would not contract and would not give the security. Few thereupon and without farther ceremony or notice accepted Sterling's bid for $715 made a week before, and the latter gave security which was satisfactory to him.

He began the work, and in the course of four or five days the township board met and resolved that having failed to give an official bond, Few was not lawful commissioner, and that they would not recognize him, and on the next day they caused the resolution to be served on Sterling. The latter disregarded the notice and completed the job to Few's satisfaction.

Few then gave Sterling an order on respondent for $715. It was afterwards transferred to relator and presented for payment to respondent, who refused to pay it.

Another order for $9.75 was also given by Few to Sterling and by the latter assigned to relator. This was likewise refused by respondent. It was given in August, 1876, for another small job performed by Sterling whilst Few was commissioner in fact, and we see no lawful ground on which payment of it can be refused. Upon the facts in the record the township is not bound to pay the large order.

To hold the township it was necessary that the commissioner should substantially pursue the statute. His official agency in contracting for so large a job is special and is expressly limited and restrained and all persons assuming to contract with him on the basis of the statute are bound to take notice of the regulations. The Legislature has deemed them necessary for the public interest,—necessary to guard against collusive and fraudulent conduct, and the policy is plainly wise and it ought not to be thwarted or narrowed by construction. The law intends publicity, and that the biddings shall be made in substance and effect at the time appointed therefor, and that the whole business shall be substantially closed up on the same occasion. The security to be given is to be proposed or tendered in connection with the bid, or at all events on the same occasion and before the auction has wholly gone by, so that the transaction may be closed without unreasonable delay and without allowing time and opportunity for secret and irregular arrangements.

The giving of security is a very material element and the purpose is that it shall be so tendered as to be connected with the offer at the time when the question of acceptance is to be decided.   Here no security was tendered by any body at the time of the bidding and for at least a week afterwards, and then at a private interview McCawley announced his retirement from the bid, and on such refusal and at such time the job was appropriated to Sterling on his bid previously made at the auction. This transaction was casual and separate and not one which had the empty merit of being connected with the published and official occasion by any pretense of adjournment, and it was scarcely if any more in conformity with the intent of the statute than a pure private bargain would have been.   Comp. L., § 1246: Pub. Acts 1875, pp. 80, 91.

The writ must be allowed to require payment of the small order, but denied as to the large one, and as the whole proceeding has coupled the two together, we shall not give costs.

The other Justices concurred.