WILLIAM J. VAN WERT v. SCHOOL-DISTRICT No. 8 OF THE
TOWNSHIP OF ADAMS.

*Schools and school-districts—Assumpsit—Claim of director.*

*Assumpsit* will lie in favor of the director of a school-district on
a disputed claim against the district, the moderator and assessor
having declined to pass upon the same as an entirety under
How. Stat. § 5073, subd. 7, which provides that "it shall be
the duty of the director of each school-district to keep an
accurate account of all expenses incurred by him as director,
and such account shall be audited by the moderator and assessor,
and on their written order shall be paid out of any money
provided for the purpose."

Error to Hillsdale. (Lane, J.) Argued April 13, 1894.
Decided May 18, 1894.

*Assumpsit.* Plaintiff brings error. Reversed. The facts
are stated in the opinion.

*W. J. Sampson* and *Guy M. Chester*, for appellant.

*Bailey & Janes,* for defendant.

HOOKER, J. The plaintiff was director of the defendant
school-district, and had a disputed claim against such dis-
trict. In an action of *assumpsit* for the recovery of such
claim, a verdict for the defendant was rendered by direc-
tion of the court, upon the ground that the action would
not lie. The charge indicates that the moderator and
assessor of the district were willing to audit a portion of
the account, but were unwilling to allow another portion,
and declined to pass upon the claim. The court thought
*mandamus,* and not *assumpsit,* the proper remedy.

The evidence clearly showed a disputed claim. How.
Stat. § 5073, subd. 7, provides that the director shall

"keep an accurate account of all expenses incurred by him as director," and such account shall be audited by the moderator and assessor, and on their written order shall be paid out of any money provided for the purpose." Had this account been audited to the satisfaction of the plaintiff by the moderator and assessor, the amount would have become a liquidated demand, and, under innumerable decisions, *assumpsit* would not lie against the district. The remedy would be by *mandamus*, to compel the necessary action to cause it to be paid. The same can be said of a claim which is in the form of a judgment. If it were liquidated, it could not be collected by execution, but only by official action, which *mandamus* alone can compel. *People v. Board of Supervisors,* 3 Mich. 478; *Township of Dayton v. Rounds,* 27 Id. 82; *Just v. Township of Wise,* 42 Id. 573; *People v. Board of Auditors,* 13 Id. 233; *Township of Marathon v. Oregon,* 8 Id. 378; *McArthur v. Township of Duncan,* 34 Id. 27; *McBride v. City of Grand Rapids,* 47 Id. 236. But it was not a liquidated demand, and the defendant's contention must rest upon the proposition that the determination of the moderator and assessor is final, and that this claim can be liquidated in no other way than by them.

School districts, like townships and counties, are subdivisions of the State, and, under many authorities, these are not subject to action unless permitted by statute. But How. Stat. § 5039, gives them the capacity to sue and be sued. Is this provision limited by the statute providing that the moderator and assessor shall audit the claims of the director? The school law does not in terms provide for the auditing of bills against the district, either by the board or any officer. It does, however, authorize such board to make necessary contracts, and authorizes payment by the board, and the director draws and signs, the moderator countersigns, and the assessor pays orders for

sums due from the district. Plainly it is contemplated that the school board will pass upon—*i. e.*, audit—the claims for which they draw orders. In the case of the director the law recognizes the impropriety of his acting upon his own claim; hence the provision that it shall be audited by the other members of the school board, and that the moderator shall draw the order. *Stockwell v. Township Board*, 22 Mich. 341; *Kennedy v. Gies*, 25 Id. 83. We think that it was not intended that the action of the moderator and assessor should be final upon *such* claims, and that the action of the whole board upon *other* claims should not be. The director might submit to such action, and, under several authorities, might so conduct himself as to be bound thereby. *Perry v. Village of Cheboygan*, 55 Mich. 250; *Davey v. City of Big Rapids*, 85 Id. 56.

The case of *Wilkinson v. Township of Long Rapids*, 74 Mich. 63, is analogous to the present case. During the prevalence of scarlet fever the board of health employed a physician at public expense. In *assumpsit* brought by the physician against the township, it was shown that the township board had allowed $25 upon his claim. The Court held that he was entitled to the reasonable worth of his services, and that, by receiving the order for $25, he was not precluded from suing for the balance, as he did not accept it in full payment. It was further said:

"*The decision of the township board, unlike that of the board of supervisors, is not final and conclusive upon the claimant or upon the courts.*"

By How. Stat. § 746, it is provided that—

"The township board shall meet annually on the Tuesday next preceding the annual township meeting to be held in such township, for the purpose of auditing and settling all claims against the township; and they shall state on each account the amount allowed by them; and the amounts allowed by them shall be paid by the treasurer, on the

order of the board, signed by their clerk, and countersigned by the chairman of the board."

Here is a statute expressly providing, not only that the board shall *audit*, but that they shall *settle*, all claims against the township; yet, as shown, it has been held that adverse action by the board does not preclude the recovery of the reasonable value of services, lawfully contracted, in an action of *assumpsit* against the township.

The decisions in the cases of *People v. Board of Auditors,* 13 Mich. 233, and *People v. Board of Supervisors,* 26 Id. 422, do not apply, as claims against counties stand upon a different footing by virtue of article 10, § 10, of the Constitution.

This claim not being liquidated, no *mandamus* could issue, and *assumpsit* is the proper remedy.

Judgment reversed, and new trial ordered.

The other Justices concurred.