### WILLSIE *v.* COMMON COUNCIL OF IONIA.

1. MUNICIPAL CORPORATIONS — BOARD OF PUBLIC WORKS — OFFICERS — IONIA CHARTER.

Under sections 83, 92, and 93 of the charter of Ionia (Act No. 246, Local Acts 1891), the board of public works has authority to appoint officers and agents without the approval of the common council.

2. JUDGMENT — RES INTER ALIOS ACTA.

The decision of a question of law, arising upon the construction of a city charter, is not binding upon one who was not a party to the suit.

Certiorari to Ionia; Davis J. Submitted July 7, 1904. (Calendar No. 20,589.) Decided July 27, 1904.

Mandamus by Samuel Willsie to compel the common council of the city of Ionia to pay relator's salary as engineer. From an order denying the writ, relator brings certiorari. Reversed.

*R. A. & W. E. Hawley*, for relator.

*H. J. Horrigan* (*Miller & McKenna*, of counsel), for respondent.

HOOKER, J. The relator, Samuel Willsie, was employed by the board of public works of Ionia as assistant engineer, and later as engineer, of the city waterworks, and his compensation was fixed by said board. The common council did not approve his employment. It is claimed that it did not approve the amount of compensation provided for such service. The relator performed some service, for which the council refused to pay upon the ground that it had not approved his employment. Relator was afterwards denied a mandamus to compel payment. The cause is before us on certiorari. .

Counsel seem to agree that the result must depend upon the construction to be given three sections of the Ionia charter and the effect of a former adjudication upon a similar case, to which this relator was not a party.

In 1883 provision was made for waterworks by an addition to respondent's charter. Section 83 provided that—

"The common council shall have the power to establish, construct, maintain, control, supervise, regulate, and keep in repair a system of waterworks, * * * and are hereby invested with full and complete power and authority to enact, make, and adopt any and all such ordinances, by-laws, rules, and regulations as they may deem necessary, requisite, and expedient to carry into complete effect the power and authority hereby conferred upon them relative to the waterworks of said city and for the conduct of its business." Act No. 309, Local Acts 1883.

Section 92 provided that the board of public works (the members of which were elected by the council) shall have the control and management of the waterworks of the city. Section 93 provided that the board of public works may appoint such officers and agents as they deem necessary for the proper management of the works, and prescribe and define their duties and fix their compensation.

These sections, as originally passed, authorized the board to employ engineers. In 1885 section 93 was amended by adding the following, viz. :

"Subject to the approval of the common council: *Provided*, that in case of accidental breakage of machinery or pipes, the said board of public works may proceed immediately to repair the same." Act No. 364, Local Acts 1885.

This amendment seems to have been designed to require the approval of the council to the appointment and amount of compensation fixed by the board. In 1887 section 92 was amended. The following was the conclusion of the section :

"They [the board] shall also have authority to, and may appoint such officers and agents under them, as may be necessary for the management of said works, and oversight of said sewers and public buildings, and define and fix the duties and compensation of such officers, subject, however, to the approval of the common council, as to the compensation they shall receive." Act No. 485, Local Acts 1887.

Here is a marked change in relation to the approval by the common council by dropping the requirement of approval of appointments but retaining that as to compensation. In 1891 section 83 was amended so as to read as follows:

" SEC. 83. The common council shall have the power to establish, construct, maintain, control, supervise, regulate, and keep in repair a system of waterworks for the purpose of supplying the city of Ionia with water for municipal, domestic, and other purposes, and are hereby invested with full and complete power and authority to enact, make, and adopt any and all such ordinances, by-laws, rules, and regulations as they may deem necessary, requisite, and expedient to carry into complete effect the power and authority hereby conferred upon them relative to the waterworks of said city, and for the conduct of its business: *Provided*, however, that the common council may delegate by resolution or ordinance any of the powers herein conferred to be performed as provided by section ninety-two of this act,

by the said board of public works." Act No. 246, Local Acts 1891.

At the same time section 92 was amended, and was as follows:

"SEC. 92. The board of public works shall have the management and control of the waterworks of the city; they shall have authority to and may lay down, repair, and maintain and do all things necessary to the laying down, repairing, and maintaining of waterworks, water mains, and pipes beneath, and through and along the streets, lanes, and alleys, and into the public places of said city, and for the purpose of supplying water for public and private use; they shall also have the superintendence and management in the erection, repairing, and maintaining of all the public buildings of said city, and in the construction, maintaining, and repairing of all sewers that may be required in said city: *Provided*, however, that all of the powers herein vested in said board of public works, and all acts done by said board by virtue thereof, shall be subject to the approval of the common council, after delegation of such powers as provided in section eighty-three of this act. In cases of necessary repairs of said waterworks, mains, pipes, buildings, and sewers, they shall cause the same to be made as soon as may be when required at the expense of said city, rendering to the common council the actual cost of the same, which shall be paid out of the funds of the city upon order of the common council. They shall also have authority to, and may appoint such officers and agents under them as may be necessary for the management of said works and oversight of said sewers and public buildings, and define and fix the duties and compensation of such officers subject, however, to the approval of the common council as to the compensation they shall receive." Act No. 246, Local Acts 1891.

Section 93 remains as amended in 1885, viz.:

"SEC. 93. Plans and estimates for constructing waterworks, and for repairing the same, shall be submitted to the common council for their approval, and when so approved the material may be purchased and the work may be let to the lowest responsible bidder, who shall give adequate security and do the work under such rules and regulations

as may be prescribed by the board of public works; or the said board of public works may procure the work to be done in such manner as they deem for the best interests of the city.   The board of public works may appoint such officers and agents as they may deem necessary for the proper management of the works, and prescribe and define their duties, and fix their compensation subject to the approval of the common council:   *Provided,* that in case of accidental breakage of machinery or pipes, the said board of public works may proceed immediately to repair the same."   Act No. 364, Local Acts 1885.

It is contended that section 83 provides that the board can have only such powers as are delegated by the common council, and that these powers have not been so delegated; and again section 93, which still stands, requires the approval of the common council to appointments and compensation.   We think these positions untenable.   We must construe these somewhat inconsistent provisions together, by aid of their chronology.   If we do so, we find that sections 92 and 93 have for many years limited section 83 by declaring that the board should have certain powers.   In these respects they superseded the provision of section 83 as to full control, etc.   When first adopted, these sections required approval by the common council. Subsequently this was changed, and approval as to compensation only retained.   To our minds, it seems plain that the authority to appoint was then relieved of the necessity for approval, and has since remained so.   The appointments by the board were lawful, and beyond the control of the council.

It is contended that the provision contained in section 92, as finally amended, to the effect that " all of the powers [power] herein vested in said board of public works, and all acts done by said board by virtue thereof, shall be subject to the approval of the common council," after delegation of such powers as provided in section 83, includes the appointment of engineers.   We think, however, that it does not, because the language which follows evidences a design to except that.

The decision of the circuit court upon the question of law in this case between different parties is not conclusive in the present case. The return shows that the council had fixed the salaries of the chief and assistant engineers at $65 and $45 per month, respectively, and had paid relator to April 15, 1904, at these rates.

The writ should issue as prayed.

The other Justices concurred.