PAPE *v.* TOWNSHIP OF BENTON.

TOWNSHIPS—ROAD MACHINES—PURCHASE — LIABILITY — ENFORCEMENT—ASSUMPSIT—MANDAMUS.

A township is not primarily liable for the price of a road machine purchased by the highway commissioner under sections 4193–4197, 2 Comp. Laws, and assumpsit will not lie against it for the same, the seller's remedy being by mandamus against the proper officers to compel the levy and collection of the tax as provided by law.

Error to Berrien; Coolidge, J.   Submitted April 6, 1905. (Docket No. 24.)   Decided May 12, 1905.

Assumpsit by Charles Pape against the township of Benton for the price of certain road machines purchased under section 4194, 2 Comp. Laws.   There was judgment for defendant on a verdict directed by the court, and plaintiff brings error.   Affirmed.

*John J. Sterling* (*Gore & Harvey*, of counsel), for appellant.

*H. S. Whitney* and *I. W. Riford*, for appellee.

McAlvay, J.   The plaintiff, Charles Pape, doing business as the Fleming Manufacturing Company, sued defendant township in assumpsit upon two certain agreements made and entered into June 12, 1899, and June 30, 1898, respectively, such agreements claiming to be contracts of purchase and sale made under and by virtue of sections 4193–4197, inclusive, of Compiled Laws of 1897. This is Act No. 173 of the Public Acts of 1897, "An act to authorize commissioners of highways in townships to purchase tools and machinery for making roads in certain cases, and prescribe the manner of payment therefor and the use and care of such machines." Section 1 provides for the purchase by highway commissioners, upon request of a majority of the overseers of highways of such township with the assent of the township board, of certain tools, road machines, etc., for the use of the township. The contracts sued upon were entered into pursuant to section 2 of said act. To properly understand the questions involved in this case, it is necessary to quote the entire section.

"Sec. 2. That the commissioner of highways may, upon the request of one or more overseers of the highway districts of their township, contract for and purchase for such district or districts, upon credit or otherwise, if a majority of the taxpayers of one or more highway districts in any township, representing more than one-half of the taxable property in such district, or in each of such districts, to be ascertained by the last preceding assessment roll and certified to as such by the township clerk of the town, petition the commissioner of such township therefor, such commissioner may contract for the purchase upon credit or otherwise a road machine for the use of such district or districts, which implement shall be used, cared for and owned by such district or districts jointly. Such implement shall be paid for out of the highway tax of the district or districts for which they are purchased,

and may be paid for in annual installments, not exceeding five years. If purchased for more than one district, the amount paid by each shall be in proportion to the amount of highway tax paid by each; a copy of the note or contract issued upon the purchase of such implement shall be filed in the office of the township clerk of the township in which such road district or districts are situated, and it shall be the duty of said township clerk to present a statement of the sum due thereon to the township board at each annual meeting thereafter for the audit of the township claims and charges, and the township board shall audit such sum and certify the same to the board of supervisors of the county. Not more than one-half of the highway tax of any district shall be applied in payment therefor in any one year. The portion of the tax so applied shall be required to be paid in money, and assessed and levied upon the property of such district or districts and collected in the same manner as other township charges are assessed, levied, and collected, except that the amount thereof shall be put in a separate column upon the tax roll, and the board of supervisors of the county shall cause the sum so certified by the township board to be levied upon the taxable property of such highway district or districts, such commissioner of highways shall, with the assistance of the overseer of highways in any road district which is to be charged with the payment of such machine, after the completion of the assessment roll and ten days before the meeting of the board of supervisors of the county, make and deliver to the supervisor of such township a list of the persons in such district or districts who are named in the last assessment roll as being liable to assessment for taxes to be levied for the payment of such road machine."

The plaintiff declared specially upon these contracts and upon the common counts. Defendant pleaded the general issue, with notice that the required petitions did not conform to the provisions of the statute as to the number of signing taxpayers and the amount of taxable property represented. Upon the trial before the court with a jury plaintiff offered the petitions with the contracts based thereon in evidence. An objection was made that the declaration stated no cause of action, and upon the facts claimed no recovery could be had in an action at law.

This objection was overruled, and the petitions and contracts were admitted in evidence, and proof made that there was due and unpaid $50.10 on one contract and $277.67 on the other, making $327.77, the amount claimed in suit. Defendant then renewed the above objection, which was sustained, the court holding that mandamus, and not a suit at law, was the proper remedy for plaintiff in this case. A verdict was directed for defendant. The case is here by writ of error by plaintiff.

The following are the contracts sued upon:

"Exhibit A.

"No. 9976.

"To the Commissioner of Highways of the Township of Benton, County of Berrien, State of Michigan:

"We, the undersigned overseers and taxpayers of road districts Nos. 2 and 3 of said township, do hereby petition and request you to contract and purchase for our road districts one improved Fleming Road Machine at the agreed price of two hundred and twenty-five dollars, with six per cent. interest on deferred payments, to be owned, used and paid for out of the road tax of said above road districts, in the manner prescribed and set forth in section 2 of a law enacted by the legislature of the State of Michigan, and approved by the governor of said State, May 29, 1897, to take effect immediately, entitled, 'An act to authorize commissioners of highways in townships to purchase tools and machinery for making roads in certain cases, and prescribe the manner of payment therefor, and the use and care of such machines.' The said districts now having a number of days' work levied shown by figures set opposite the respective names of overseers hereunto attached.

| Overseers. | Post Office. | Days' Work Levied. | No. of Dist. |
|---|---|---|---|
| A. H. Calkins. | Twelve Corners. | | |
| " [List of thirty-five taxpayers.] | | | |

" I hereby certify that a majority of the taxpayers have signed above and that they represent more than one-half of the taxable property in each of the said districts according to the last preceding assessment roll.

"Fred Washburn,
"Township Clerk.

"225.00.                              June 12, 1899.

"In consideration of the above request, I, Wm. Wees, the undersigned commissioner of highways, of the township of Benton, in the county of Berrien, State of Michigan, have this day purchased of the Fleming Manufacturing Co., Fort Wayne, Ind., one Improved Fleming Road Machine at two hundred twenty-five dollars, which sum said township promises to pay to the order of said Fleming Manufacturing Co. together with six per cent. interest from July 1st, 1899, payable annually, the annual payments of seventy-five dollars, together with six per cent. interest.    Provided that not more than one-half of the road tax of the above named districts shall be applied to the discharge of interest and principal each and every year until the whole of said principal sum and interest shall have been paid.    Payable at Farmers and Merchants Bank of Benton Harbor, Michigan, payment to be made on or before February 15th of each year. First payment to be made February 15, 1901.

"William Wees,
"Commissioner of Highways.

"Attested:   Fred Washburn,
"Tp. Clerk.

"Township of Benton,  ⎫
   County of Berrien,   ⎬
   State of Michigan.   ⎭

"I hereby certify a true copy of this contract has this day been filed with me.

"Fred Washburn,
"Township Clerk,
"Benton Harbor, Mich."

"Received from Fleming Manufacturing Co., Fort Wayne, Indiana, one Fleming Improved Road Machine in accordance with above contract.

"Wm. Wees,
"Commissioner of Highways.

"Dated June 22nd, 1899."

"Exhibit B.

"No. 9573.

"To the Commissioner of Highways of the Township of Benton, County of Berrien, State of Michigan:

"We, the undersigned overseers and taxpayers of road districts Nos. 9, 13, and 8 of said township, do hereby petition and request you to contract and purchase for our

road districts one Improved Fleming Road Machine at the agreed price of two hundred and twenty-five dollars, with six per cent. interest on deferred payments, to be owned, used and paid for out of the road tax of said above road districts, in the manner prescribed and set forth in section 2 of a law enacted by the legislature of the State of Michigan and approved by the governor of said State, May 29, 1897, to take effect immediately, entitled, ' An act to authorize commissioners of highways in townships to purchase tools and machinery for making roads in certain cases, and prescribe the manner of payment therefor, and the use and care of such machines.' The said districts now having a number of days' work levied, shown by figures set opposite the respective names of overseers hereunto attached.

| Overseers. | Post Office. | Days' Work Levied. | No. of Dist. |
|---|---|---|---|
| Charles B. Reynolds | Millburg. | 62 | 9 |
| Albert Beaton | Millburg. | 40 | 13 |
| Wm. Terwilliger | | 80 | 8 |
| " [List of thirty taxpayers.] | | | |

" I hereby certify that a majority of the taxpayers have signed above and that they represent more than one-half of the taxable property in each of the said districts according to the last preceding assessment roll.

" BEN R. EASTMAN,<br>" Township Clerk.

"$225.00.                       June 30, 1898.

" In consideration of the above request, I, Dustin Woodin, the undersigned commissioner of highways, of the township of Benton, in the county of Berrien, State of Michigan, have this day purchased of the Fleming Manufacturing Co., Fort Wayne, Ind., one Improved Fleming Road Machine at two hundred twenty-five dollars, which sum said township promises to pay to the order of said Fleming Manufacturing Co., together with six per cent. interest from July 13, 1898, payable annually, the annual payments of forty-five dollars, together with six per cent. interest. Provided, that not more than one-half of the road tax of the above-named districts shall be applied to the discharge of interest and principal each and every year until the whole of said principal sum and interest shall have been paid. Payable at Farmers and Merchants Bank of Benton Harbor, Michigan, payment to be

made on or before February 15th of each year.   First payment to be made February 15, 1901.

                                "DUSTIN WOODIN,
                            "Commissioner of Highways,
                                      " Millburg, Mich.

"Attested :   BEN R. EASTMAN,
                            "Tp. Clerk.

" TOWNSHIP OF BENTON, ⎫
   COUNTY OF BERRIEN,   ⎬
   STATE OF MICHIGAN.  ⎭

" I hereby certify a true copy of this contract has this day been filed with me.

                            " BEN R. EASTMAN,
                               " Township Clerk,
                               " Benton Harbor, Mich."

"Received from Fleming Manufacturing Co., Ft. Wayne, Ind., one Fleming Improved Road Machine in accordance with above contract.

                            " DUSTIN WOODIN,
                            " Commissioner of Highways.

" Dated July 13, 1898."

Exhibit A shows payments indorsed thereon at the times and in the amounts following:   " Paid June 14, 1899, $15.86 by Dist. No. 13; $15.86 by Dist. No. 8.   Paid Jan. 20, 1900, $35.99 by Dist. No. 9; $20.00 by Dist. No. 13; $20.00 by Dist. No. 8.   $60.00 paid hereon Jan. 21, 1901.   $46.46 paid hereon May 16, 1902."

The only question before the court is whether assumpsit will lie against defendant in this case.   The only authority claimed for making the contracts is the section of the statute above quoted.   The statute is a recent one, and has never been before the court for construction.   By the provisions of section 1 (1 Comp. Laws, § 4193) the highway commissioner is authorized to purchase for the township, upon the request of a majority of the overseers in writing, with the assent of the township board, any tools, road machine, rock crusher, or roller, to be paid for, when purchased, out of the highway fund of the township upon orders of the highway commissioner and supervisor. Such orders to be registered with the township clerk, and

the sum necessary to pay the same to be certified by said clerk to the supervisor, which sum shall be added to the other taxes raised for highway purposes, and when collected to apply to the payment of such orders, and to no other purpose. These provisions are clear and certain, simple and satisfactory. The purchase is authorized to be made for the township, to be paid for out of the highway fund of such township upon orders of township officers, with special provisions how the amounts shall be raised by taxation. No reference need be made to this section but for the fact that the section which follows it, and under which the contracts in litigation were made, is claimed to fix liability against the township upon such contracts. The proceeding is not as complicated as might be inferred from a casual reading of this section of the statute. After the purchase is made, the contract is filed with the township clerk, who presents the statement of the sum due to the township board at its annual meeting. This board audits the sum, and certifies it to the board of supervisors, who cause the sum so certified to be levied upon the taxable property of the highway districts or district. After the assessment roll is made out, and 10 days before the meeting of the board of supervisors, the commissioner and overseer of highways furnish the list of persons against whom this tax is to be assessed to the supervisor of the township, who, after the board has performed its duty, spreads the tax upon the tax roll of his township upon the property of those named in the list so furnished him, such levy and assessment in any one year not to exceed one-half of the highway tax of any district. The statute is mandatory in its terms as to the duties to be performed by the officers and boards of the township and county therein specified.

It is evident from a reading of the two sections that the first provides for these contracts to be made with townships; that in the second the legislature, in providing a means whereby road districts in a township might purchase a road machine, recognized that such districts were not municipalities which could assume obligations, and

sue and be sued, and provided a way of payment for this implement necessary in the construction and maintenance of highways, through the provisions of the statute. No proceeding is necessary to determine the amount of such indebtedness. That amount is fixed by the proper township officers, who certify to the board of supervisors. The contract fixes the purchase price. Payment can be made only through official channels. Everything is a matter of record. At no time can the balance due be a matter of doubt. The township is not primarily liable. No contract relations exist between the seller of the road machines and the township. The paving cases cited by appellant are not in point. In each the municipality had assumed the liability by contract or otherwise. The duties required to be performed under this statute by the several officers are, in their nature, ministerial. This court has held repeatedly that mandamus is the proper remedy to compel an officer to perform a ministerial duty. In this case, the remedy of plaintiff in case of refusal on the part of these officers to act in the premises was by mandamus.

The judgment of the circuit court is affirmed, without prejudice to the plaintiff as to any steps he may desire to take by proper proceedings.

CARPENTER, GRANT, MONTGOMERY, and HOOKER, JJ., concurred.