WATERMAN-WATERBURY CO. *v.* SCHOOL DISTRICT NO. 4 OF CATO TOWNSHIP.

1. MUNICIPAL CORPORATIONS—JUDGMENT—SCHOOL DISTRICT.

Although execution may not issue upon a judgment against a school district or other municipality, public corporations being subject to other methods of collection, that reason is not sufficient for holding that an action at law may not be brought on a contract to install a furnace in a schoolhouse of a rural district that claimed a right to recoup for breach of warranty; and although the amount due may have been fixed by the terms of the contract, mandamus would not be the sole or proper remedy to enforce payment.

2. SAME—LIQUIDATED CLAIM—WORDS AND PHRASES.

A liquidated demand as applied to an indebtedness due from a municipal corporation and enforceable by mandamus only, signifies a claim on which the amount due is either fixed by law, or has been ascertained and agreed upon between the parties.

3. MANDAMUS—NATURE—DUTIES ENFORCEABLE THEREBY.

The primary purpose of mandamus is to enforce duties created by law; the writ is not designed as a remedy for the collection of debts, nor will it lie to enforce private contracts of municipal corporations. It is intended to enforce a plain legal duty, upon the relation of one who has a clear legal right to have it performed and who has no other adequate legal remedy.

4. SAME—SALES—REMEDY ON CONTRACT—ASSUMPSIT.

An action of assumpsit is the proper remedy to recover on a contract for the installation of a heating and ventilating system in a schoolhouse, where the defendant district denied that it executed the contract and set up the claim that the heating apparatus was inadequate and failed to conform to a guaranty of the seller.

Error to Montcalm; Davis, J. Submitted October 9, 1914. (Docket No. 58.) Decided December 18, 1914.

Assumpsit by the Waterman-Waterbury Company against school district number 4 of Cato township, Montcalm county, for the contract price of a heating system. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Cummins, Nichols & Rhoads (Frank A. Miller,* of counsel), for appellant.

*L. C. Palmer,* for appellee.

STEERE, J.  Plaintiff brought this action in the circuit court of Montcalm county, to recover the contract price of a heating and ventilating system which it installed in defendant's schoolhouse during the fall of 1911. Upon the trial of said cause in the circuit court before a jury the court directed a verdict for defendant on the ground that plaintiff had mistaken its remedy. Plaintiff's declaration was in assumpsit upon the common counts, with a special count upon a written contract alleged to have been entered into between the parties and set forth at length. Defendant pleaded the general issue, and, by an amended plea, gave notice of special defense as follows:

"Take notice that in the trial of said cause defendant will show in its defense under the general issue above pleaded that no such order or writing, as is described in plaintiff's declaration, was ever executed by the officers of the defendant school district, as is shown by the following affidavit."

The attached affidavit was signed and sworn to by Henry Herzog, stating that he was then director of said school district, and no such order or writing as described in the declaration was ever executed by the officers of defendant. It is undisputed that the plant in question was installed in defendant's schoolhouse under some kind of agreement between the parties.

Plaintiff is a foreign corporation, with its home office in Minneapolis, Minn., and was licensed to do business in this State. It maintained a branch office in Lansing, Mich., under the charge of a State manager. On July 26, 1911, an order in writing was given by defendant's officers to an agent of plaintiff. The nature and terms of this order are in dispute.

Upon the trial plaintiff introduced testimony showing that the original order, signed by the three officers of defendant, was received and accepted by it, mailed to its home office in Minneapolis, and there accidentally destroyed by a fire which occurred in the building on January 7, 1912. A paper claimed to be a true copy of the original was produced and put in evidence. It is as follows:

"Copy.
"COUNTY OF MONTCALM, STATE OF MICHIGAN.
"THE WATERMAN-WATERBURY COMPANY,
"Lansing, Michigan.

"We hereby authorize the Waterman-Waterbury Company to furnish one Waterman-Waterbury heating and ventilating system, style C, size 24, kind, Special, to school district No. 4, township of Cato, for which, on February 1, 1912, we agree to pay the sum of $120, or issue a school warrant on February 1, 1912, drawing 6 per cent. interest.

"We agree to transfer the Waterbury system from the freight depot to the schoolhouse and furnish a man for one-half day to assist the regular setter in installing the Waterbury system and to see that the doors, windows, ceiling, etc., are reasonably tight.

"The Waterman-Waterbury Company guarantee that this system will be constructed of first-class material the same as described in the catalogue and shown by the salesman and manufactured in a careful workmanlike manner and free from imperfect workmanship and material.

"This system is guaranteed to heat the schoolroom to 70 degrees during the coldest weather.

"This system is guaranteed to furnish thorough ventilation during school hours.
"Dated July 26, 1911.

"William Coleman, Director.
"Emery Almy, Treasurer.
"H. W. Rockelman, Moderator.

"Given at meeting of school board."

Defendant denied the correctness of this copy, and produced in evidence what it claimed was a correct copy of the order given by it to plaintiff, which is in the following words and figures:

"Copy.

"Lakeview, Michigan, July 26, 1911.
"The Waterman-Waterbury Company,
"Lansing, Michigan.

"*Gentlemen:*

"You may install in our schoolhouse, district No. 4, Cato township, Montcalm county, State of Michigan, one Waterbury system, style C, size 24. We will use this until February 1, 1912, or, if we wish, until March 1, 1912. If the system proves to be as represented, we will pay for it either in cash or school district warrants bearing 6 per cent. interest from February 1, 1912."

A plant of the size and style described was installed in defendant's schoolhouse by plaintiff's agent, assisted in the work by Henry W. Rockelman, the defendant's moderator, who testified that the furnace was installed in a satisfactory manner. Counsel for defendant stated in answer to an inquiry from the court that no question was raised as to the material used. Plaintiff introduced testimony tending to show performance, on its part, of the contract relied upon, and that, when properly operated, the system would produce the results guaranteed.

The plant was used during November and December of 1911, and for some time after the holidays. The teacher then in charge testified that she had difficulty at first in keeping the children warm, but, after being

instructed by a representative of plaintiff, she had success with it, and heated the room properly, being able on a cold morning to reach a temperature of 100 degrees; that the ventilation, in her opinion, was all right, and she used the system as long as they would let her. Other evidence was introduced tending to show its successful operation.

As indicated by the pleadings, questions asked, and statements of counsel at the trial, it appears to have been defendant's contention that a "trial order" was given for the system, with the right to reject the same if it did not prove "to be as represented," and that it failed to either heat the schoolhouse sufficiently or as represented; that defendant therefore rejected it, and owes plaintiff nothing for it. At the conclusion of plaintiff's testimony, opposing counsel moved the court to direct a verdict for defendant and enter judgment accordingly, for the reason:

"That, under the absolute showing in this case, based upon the evidence of the plaintiff company all the way through, a verdict should be directed, for the reason they have mistaken their remedy."

After listening to argument, the court granted the motion, and directed a verdict as requested; the controlling reason being embodied in the following excerpts from the charge to the jury:

"The amount here has been liquidated; no defense looking to the reduction of the amount agreed upon has been raised; the only defense that has been offered here outside of the general issue is a denial under oath of the execution of the contract as presented. * * *

"Now, a judgment given in this case would have no tendency to liquidate the claim. It would be $120, and interest, when we get through with it, or it would be nothing."

It is manifest that at least two issues of fact were involved in the case; the nature of the contract en-

tered into between the parties; and whether, if the contract was as it claimed, plaintiff had performed on its part, and the system fulfilled the guaranties, when properly run.

This case is analogous in many respects, though not identical, with *Waterman-Waterbury Co.* v. *School District No. 2*, 182 Mich. 498 (148. N. W. 673), an action in assumpsit which disposes of some of the questions proposed in this record, but in which the propriety of the remedy was not questioned.

Upon this record counsel for defendant correctly states that there is but one proposition to be considered, which is the correctness of the ruling by the court that an action in assumpsit would not lie, and plaintiff's only remedy was by mandamus. This claim is based upon the contention that the claim is liquidated, and the school district cannot be subjected to the expense of regular litigation on a demand already liquidated, in which execution could not issue should judgment be recovered by plaintiff, who might thereafter have to resort to mandamus to compel payment of such judgment.

If the latter suggestion were accepted as controlling, all actions looking to a money judgment against a municipal corporation would be idle, and all judgments obtained against them erroneous, for an execution cannot issue upon a judgment against such corporations. The law provides other methods for collecting the same, and it is not to be presumed that a municipal corporation will attempt to repudiate its legal liability when finally adjudicated.

While it is true that plaintiff's claim is for a definite amount under an alleged contract, and is a liquidated demand from its standpoint, it is not, however, a liquidated liability of the school district, the validity of which has been determined by any statutory board or tribunal. Neither does the admission of de-

fendant's counsel that its liability is either for the amount named in the alleged contract or nothing, liquidate the claim to the exclusion of an action in assumpsit on a contract as to which the defense denies liability, and contends that no such contract was ever made.

The term "liquidated" has a somewhat varied meaning, but, when used in reference to claims or demands against municipal corporations enforceable only by mandamus, it signifies claims on which the amount due is either fixed by law or has been ascertained and agreed upon between the parties. Here it is denied that any amount is due, and none is fixed by law.

Plaintiff asserts and seeks to enforce a legal liability created by the voluntary act of defendant's officers in entering into a contract which they had authority to make, but deny having made. The law imposed on the school board no duty to enter into a private contract to buy a certain kind of heating and ventilating system, but it was within its power to do so if deemed for the best interest of the district. It was discretionary.

The primary purpose of the writ of mandamus is to enforce duties created by law. It is stated by textwriters, as a general principle, that the writ is not designed as a remedy for the collection of debts, and will not lie to enforce the private contracts of municipalities. Merrill on Mandamus, § 16; High on Extraordinary Legal Remedies, § 341; 26 Cyc. p. 164. It is said:

"That if there be doubt as to what his legal right may be, involving the necessity of litigation to settle it, mandamus must be withheld; that its principal office is not to inquire and investigate, but to command and execute. * * * The rule has also been stated that mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts, or where the legal result of the facts

is subject of legal controversy.  If the right is reasonably in serious doubt, from either cause mentioned, the discretionary power rests with the officer to decide whether or not he will proceed to enforce it, till the right shall have been established in some proper action; and that discretion, fairly exercised, cannot be controlled by mandamus."  2 Bailey on Habeas Corpus, pp. 801, 805.

"The writ of mandamus is designed to enforce a plain, positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy."  *State* v. *New Haven & Northampton Co.*, 45 Conn. 331.

These general principles are recognized and sustained by our own decisions.  While this court has treated the writ of mandamus as in its nature discretionary and prerogative, not necessarily limited by strict rule to cases involving positive statutory duties, or in which there was an entire absence of any other remedy, it has frequently said that the writ will not be granted where there is another adequate remedy. 2 Stevens' Michigan Practice, § 458, and cases cited.

School districts are municipal corporations, "capable of suing and being sued, of contracting and being contracted with."  4 How. Stat. (2d Ed.) § 9873. This school district is charged in an action *ex contractu* with nonperformance of a contract which it voluntarily entered into.  The contention involves only an alleged simple money claim for the purchase price specified in a contract of bargain and sale, and is between the original contracting parties.  Both the execution and performance of the asserted contract are in dispute.  Such doubts in relation to an alleged contractual indebtedness are familiar sources of litigation which are solved in independent adversary proceedings at law, by an action in assumpsit between the parties.  Such is the recognized and adequate remedy where differences of that nature arise.  That

one of the contracting parties is an artificial person, or a municipal corporation capable of suing and being sued, does not change the rule, or render the remedy less adequate for the solution of such questions.

We are unable to discover in the cases cited by counsel, or others which have been consulted, a denial of the principle that the "liquidated claim" requisite for mandamus must be a claim wherein the amount due is either fixed by the judgment of a court, by some statutory provision, by some authorized officer or board, or by agreement between the parties. In the early case of *Township of Marathon* v. *Oregon Township*, 8 Mich. 372, cited by defendant, wherein it was held mandamus, and not assumpsit, was the proper remedy, the opening statement of the opinion thus sounds the distinction:

"This suit is brought to recover an ascertained sum found by the united action of the township boards to be due from Oregon to Marathon, upon a division of the latter township, whereby the former was set apart and became liable for its share of the debts to be thus determined."

This is emphasized and further pointed out as controlling in the following:

"The action in this case is brought, not upon an open and disputed account, but upon a liquidated claim, determined by a statutory board or tribunal. * * *

"Being ascertained by the tribunal referred to, it becomes, under the statute, a charge upon the township."

*Reeder* v. *Wexford County Treasurer*, 37 Mich. 351, cited by defendant, also involved a settlement between two townships. It appears a settlement was had and a division of indebtedness assigned by the proper authorities. The court did not sustain defendant's contention that a change of incumbency affected mandamus proceedings against an official, and that a want

of funds was a sufficient answer, but held that interest was not chargeable upon the sum ascertained to be due, under the circumstances of that case. The question of another adequate remedy does not appear to have been raised.

The cases of *Mackenzie* v. *Baraga Township Treasurer*, 39 Mich. 554 and *Just* v. *Wise Township*, 42 Mich. 573 (4 N. W. 298), involved the validity of highway orders, ascertained sums liquidated, as due from the townships, by their highway commissioners. The only questions raised were questions of law, touching the statutory authority of such officials to issue the orders and obligate the townships.

In *Pape* v. *Township of Benton*, 140 Mich. 165 (103 N. W. 591), the last case cited by defendant, this court held that a township is not primarily liable for the cost of a road machine purchased by the highway commissioner under the provisions of sections 4193-4197, 2 Comp. Laws, and assumpsit will not lie; the remedy being by mandamus against the proper officers to compel levy and collection of a tax to pay the same as provided by law. After reviewing the special provisions of the statute in question and pointing out its mandatory provisions, the reason why assumpsit is not, and mandamus is, the proper remedy appears clearly stated in harmony with the general rule as follows:

"No proceeding is necessary to determine the amount of such indebtedness. That amount is fixed by the proper township officers, who certify to the board of supervisors. The contract fixes the purchase price. Payment can be made only through official channels. Everything is a matter of record. At no time can the balance due be a matter of doubt. The township is not primarily liable. No contract relations exist between the seller of the road machines and the township."

In *Burland* v. *Benefit Ass'n*, 47 Mich. 424 (11 N. W. 269), an action in assumpsit on a contested certificate of membership was sustained against defendant's contention that the remedy was by mandamus to compel a levy of an assessment to pay the claim. It was there said:

"The case presented is one of contract between parties and a breach thereof, and even should we accept as correct the argument of counsel as to the nature of the agreement, still the conclusion would not follow that mandamus was the proper remedy. Such a writ does not purport to adjudge or decide any right. It is rather in the nature of an award of execution than of judgment. It is the mode of compelling the performance of acknowledged duty or enforcing an existing right rather than deciding what that right or duty is."

In *Van Wert* v. *School District*, 100 Mich. 332 (59 N. W. 139), the court defines a liquidated demand, as distinguished from a disputed claim, as an account "audited to the satisfaction of the plaintiff by the moderator and assessor."

The case of *Coffin* v. *Board of Education*, 114 Mich. 342 (72 N. W. 157), is in principle closely analogous to this. In each case plaintiff's claim was founded upon a contract which the school board was authorized, but not in duty bound, to make, and recovery was sought for breach thereof. In that case plaintiff was hired by defendant as a teacher in its schools. There was no dispute about the amount as expressed in the contract of employment. The demand was liquidated as fully there as here. The board discharged her, for good cause, as it is claimed, and refused to pay her as contracted. She resorted to mandamus to compel payment. In dismissing her writ because the usual action at law afforded her a remedy, it is said:

"If she was dismissed for cause which would be

sufficient to warrant an employer to dismiss his servant, then she had no right of action.  *  *  *  But, whatever may be the rule in this case which must determine the rights of the relator, it is evident that she has an adequate remedy at law.  It is an ordinary contract of employment as a teacher in the public schools.  She claims to have lived up to its requirements; that she was unjustly and unlawfully discharged, and that she is now entitled to be paid.  On the other hand, the respondent contends that it had power to discharge her, and did discharge her for good and sufficient cause.  Courts will not permit the use of the writ of mandamus when there is a plain, direct, and adequate remedy at law.  Merrill, Mand. § 10, and cases there cited.  We are not disposed to carry the use of this writ beyond the bounds to which we have already gone, or permit its use in cases where there is so plain a remedy as here shown."

We need spend no time in considering cases cited by defendant in support of the contention that request of the board for an order or auditing of the account and demand for payment were a prerequisite to legal proceedings.  According to the contract which plaintiff relies on, defendant agreed to make payment or issue a school warrant therefor on February 1, 1912.  Plaintiff's testimony shows that some time in February, after the plant was installed and in successful operation, its agent asked the members of the board to give him an order and settle for it before he left; that the three members met together, and thereafter "refused to give it."  This, if controverted, is an issue of fact to be disposed of at the trial, and, as raised, has no bearing upon the propriety of the remedy under consideration.

We conclude that all doubts arising from the conflicting claims over this alleged indebtedness by contract should be settled in an action in assumpsit.

The judgment is reversed, and a new trial granted.

MCALVAY, C. J., and BROOKE, KUHN, STONE, OSTRANDER, BIRD, and MOORE, JJ., concurred.