SPIEGEL v. BARRETT.

1. MUNICIPAL CORPORATIONS—DRAINS—CONSTRUCTION—BREACH OF
   CONTRACT—ASSUMPSIT.
   Under the drainage law of the State of Michigan, special
   assessment districts formed in the construction and assess-
   ment of a drain lying within two adjacent counties are not
   public corporations and have no power to sue or to be
   sued; they are created simply for the purpose of collect-
   ing taxes from the land which benefits by the construc-
   tion of the improvement and the money raised for the
   drain cannot be diverted to any other purpose.

2. SAME—STATUTES—COUNTIES—JUDGMENT.
   Under section 2471, 1 Comp. Laws (1 How. Stat. [2d Ed.] §
   953), judgments recovered against county officers may be
   spread against the entire county, but in case of a drain-
   age district including portions of two counties, the statute
   could have no application.

3. SAME—CONTRACTS—DAMAGES—TAXATION.
   Since the county has no interest financially in the construc-
   tion of a drain, and the cost is required to be paid by
   property owners within the assessment district, damages
   for breach of a contract and for work done under such
   contract could not be assessed against the county as a
   whole.

4. SAME—ASSUMPSIT.
   Accordingly, an action of assumpsit does not lie against the
   drain commissioners of two counties in which a district
   is situated and plaintiff's remedy for money due under
   his contract, and for loss of profits thereunder, would be
   a different form of procedure.

Error to Shiawassee; Miner, J. Submitted October
4, 1915. (Docket No. 93.) Decided December 21,
1915.

Assumpsit by Frederick F. Spiegel against James

Barrett, drain commissioner of the county of Saginaw, and another, for breach of contract and for a balance due thereon. Judgment for defendants. Plaintiff brings error. Affirmed.

*W. J. Parker* and *R. L. Crane,* for appellant.

*Bird J. Vincent,* Prosecuting Attorney, *Seth Q. Pulver,* Prosecuting Attorney, and *Joseph H. Collins,* for appellees.

KUHN, J. This action is brought in assumpsit by the plaintiff against the drain commissioners of Saginaw and Shiawassee counties, Mich., in their official capacities. It appeared that at the time of the hearing the defendant James Barrett was no longer commissioner of Saginaw county and was succeeded by Emil Roethke, who was substituted by an amendment as a defendant in the place of Barrett. On September 29, 1911, the plaintiff entered into a drain construction contract with the predecessors of the present defendants for the construction of certain sections of the Griffus Creek drain located in the townships of Brant and Brady, Saginaw county, and Rush, in Shiawassee county, the date of the completion of this contract being fixed as January 1, 1912, and one of the provisions being that:

"The contractor hereby agrees to begin work within ten days and keep the same up without delay until the completion of this job, condition of weather excepted."

The next summer was exceedingly wet, and the work was continued during 1912 and 1913, and various payments were made on the contract. It is also claimed that in the spring of 1914 it was agreed that the plaintiff was to begin as early as possible and complete the drain during the summer of 1914. But during March of the same year notice was served on the plaintiff by

the commissioners that they would forfeit his contract on the 7th of April, 1914, at the office of the drain commissioner at Saginaw, because of the noncompletion of the work within the time specified and allowed for in the contract for the construction of the drain. On the 7th of April, 1914, a meeting was held at the office of the county drain commissioner of Saginaw county, the plaintiff appearing before the commissioners, and notice of forfeiture was thereupon served on the plaintiff. It appears that at least a portion of the drain has not been completed in Saginaw county, and that no work at all has been done on the part of the drain lying in Shiawassee county. The plaintiff claims in this suit a sum of money owing him for work which he claims is completed, and also claims a sum due him as loss of profits which he claims would have accrued had he been permitted to continue and complete said contract. At the close of the opening statement of counsel for the plaintiff, a motion was made on the part of the defendants for a directed verdict, for the reason that the action was not properly founded and could not be properly brought against the drain commissioners in their official capacities, which motion was granted. The real issue in the case is, therefore, can such an action be laid against the commissioners in their official capacities by a contractor for money earned upon a contract? and also can prospective profits be recovered in assumpsit against the commissioners if the commissioners acted wrongfully in declaring a forfeiture?

This being an action in assumpsit against the drain commissioners in their official capacities, we are of the opinion that the plaintiff is mistaken in the form of the remedy. It is the contention of the plaintiff's counsel that it should be held that the drain commissioner in making these contracts is the agent for the lands liable to assessment for constructing the drain.

189 Mich.—8.

But this contention presents to our minds insurmountable difficulties. Under our drainage law, the special assessment drainage districts are not corporations, as have been created in certain States—Illinois, for example—where the statute bestows powers to contract and be contracted with, to sue and be sued, upon such districts. Here they have no corporate entity, and are created simply for the purpose of collecting taxes from the benefited land for the construction of the drain. There is no provision in the law providing for the certifying of the judgment on a claim such as is made in the instant case, nor providing for the spreading of such a judgment in the form of a tax upon the lands in the drainage district. It is clear from reading the act in question that the sole purpose of the drain tax is to complete a drain, and the law will not permit such funds to be paid out for any other purpose. Section 2471, 1 Comp. Laws (1 How. Stat. [2d Ed.] § 953), provides:

"When judgment shall be recovered against the board of supervisors or against any county officer in an action prosecuted by or against him in his name of office, no execution shall be awarded or issued upon such judgment, but the same, unless reversed, shall be levied and collected as other county charges, and when so collected, shall be paid by the county treasurer to the person to whom the same shall have been adjudged, upon the delivery of a proper voucher therefor."

This statute does not apply, however, because by virtue of its terms the judgment would be spread against the whole county, and under the circumstances of this case it would run against both counties. The county as such has no interest financially in the construction of a drain, as the cost of the drain is paid by the benefited property owners within the special assessment district, and it would certainly be an improper procedure, and unjust, to require the people of the entire county to bear the cost of the construction of a drain

where only a small part of them could be said to have been directly benefited thereby. It is clear, therefore, that there is no legal method by which judgment in such a case could be satisfied. And to take judgment against an officer when no means is provided for to collect it would be indeed an idle ceremony.

A somewhat similar and analogous situation was presented to the court in the case of *Pape* v. *Township of Benton,* 140 Mich. 165 (103 N. W. 591). Under section 2, Act No. 173, Pub. Acts 1897, it is provided that upon the request of an overseer of a highway within a township, and upon petition of the majority of the taxpayers of such highway district, the highway commissioner of the township may purchase a road machine for such district. The law also provides for a certification of the amount to be spread as a tax, certifying the names of the persons and the descriptions of the land against which the tax is to be levied. A road machine was sold under a contract claimed to have been entered into under this statute, and the plaintiff sued the defendant township in assumpsit for the balance claimed to be due him thereon. Mr. Justice MCALVAY, in writing the opinion of the court, said:

"The only question before the court is whether assumpsit will lie against defendant in this case. * * * It is evident from a reading of the two sections that the first provides for these contracts to be made with townships; that in the second the legislature, in providing a means whereby road districts in a township might purchase a road machine, recognized that such districts were not municipalities which could assume obligations, and sue and be sued, and provided a way of payment for this implement necessary in the construction and maintenance of highways, through the provisions of the statute. No proceeding is necessary to determine the amount of such indebtedness. That amount is fixed by the proper township officers, who certify to the board of supervisors. The contract fixes

the purchase price. Payment can be made only through official channels. Everything is a matter of record. At no time can the balance due be a matter of doubt. The township is not primarily liable. No contract relations exist between the seller of the road machines and the township. The paving cases cited by appellant are not in point. In each the municipality had assumed the liability by contract or otherwise. The duties required to be performed under this statute by the several officers are, in their nature, ministerial. This court has held repeatedly that mandamus is the proper remedy to compel an officer to perform a ministerial duty. In this case, the remedy of plaintiff in case of refusal on the part of these officers to act in the premises was by mandamus."

It is argued by counsel for the defendants—and it seems to us with force—that the county drain commissioner occupies a position with respect to the special drainage districts in the county somewhat analogous to that occupied by the highway commissioner of the township with respect to the road districts in the township. Neither of these districts has any corporate life, neither is a municipality created by the statute, and neither has any authority granted it to assume obligations or to sue or be sued. In each case, they exist simply for one purpose, and the money raised for them cannot be diverted to any other purpose; the funds so raised must be paid out in the exact method provided for by law.

We are of the opinion that the circuit judge was correct in holding that the plaintiff could not bring an action in the manner in which he has sought to bring it here, and the judgment is therefore affirmed.

BROOKE, C. J., and PERSON, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.