BLOOMSHIELD *v.* CITY OF BAY CITY.

1. MUNICIPAL CORPORATIONS — PUBLIC OFFICERS — SALARY — ENGI-
NEER.

Act No. 720, Local Acts 1907, authorizing the park com-
missioners of Bay City to employ engineers, agents and
other assistants as it may deem necessary, grants the
power to hire an engineer for the city parks, though the
city engineer is by the same statute required to perform
the duties of the engineer of said board.

2. SAME—MANDAMUS.

And where the park commissioners declined to approve the
engineer's claim for compensation and the common council
declined to grant it, on the ground that the park board's
action was conclusive, an action for the account, which
was undisputed, for services at a per diem rate, agreed
upon in his contract of hiring, was properly brought
against the city, and mandamus which would have been
the proper remedy in case the board had authenticated
his account, was not the correct or sole form of action.

Error to Bay; Collins, J. Submitted June 12, 1916.
(Docket No. 43.) Decided July 21, 1916.

Assumpsit by John H. Bloomshield against the city
of Bay City for services rendered. Judgment for de-
fendant on a verdict directed by the court. Plaintiff
brings error. Reversed.

*Stoddard & McMillan* and *H. M. Ready,* for appel-
lant:

*S. G. Stoughton,* City Attorney, for appellee.

The defendant city is existing under the provisions
of Act No. 514, Local Acts 1903. It has a board of

park commissioners, organized under Act No. 720, Local Acts 1907, the title of which act is

"An act to provide for the appointment of a board of park commissioners, to take charge of the public parks and public grounds of Bay City, and to procure additional lands for park purposes, and to control and manage all the parks and public grounds of said city."

Sections 3, 4, 5, and 6 of the act are:

"SEC. 3. All the powers and duties now vested in the common council of Bay City, and the committee of said council, pursuant to the charter and ordinances of said city, or the rules of the common council, so far as they relate to public parks, are hereby conferred upon the said board of park commissioners, and all the official records, books, papers and property pertaining to the parks of said city are hereby placed in their custody and under their control. * * *

"SEC. 4. Said board shall organize by electing one of its members as president, who shall be elected annually at the first meeting of the board in the month of April of each year. The recorder of said city shall be clerk of said board, and perform the duties thereof, without additional compensation. * * *

"SEC. 5. Said board shall have power to, and shall make all needful general rules and regulations for the transaction of its business, and may employ and discharge at its pleasure, such superintendents, engineers, clerks, agents, subordinates and laborers as it may deem necessary, and fix their compensation. The city engineer of Bay City shall perform the duties of engineer of said board without additional compensation. Any officer or appointees, or employees of said board, shall give such security for the faithful performance of their duties as such board may require.

"SEC. 6. Said board of park commissioners shall have the control and management of all the parks and public grounds of said city, now or hereafter acquired and established, and of all the improvements."

In August, 1911, pursuant to a resolution adopted by the board, the president of the board engaged plain-

tiff, who is an engineer of experience, to take charge of the grading of the parks, the putting in of certain walks in one of them, the compensation being agreed upon as at the rate of $8 per day for field work and $7 per day for office work. Thereafter as engineer and as superintendent of construction plaintiff rendered services as employed, purchased material, certified accounts therefor, and was paid bills rendered by him for his services, approved by the park board and audited and allowed by the common council. In April, 1912, a succeeding president of the board re-engaged him upon the same terms to render similar services. Plaintiff performed services, hired men, superintended work, audited accounts for work and for material, and they were approved by the commission and paid by the common council. Plaintiff's accounts for services, approved by the president of the commission, were allowed and paid by the common council, from time to time. The last one was allowed and paid June 24, 1912. Thereafter services were performed, in June, July, and August, 1912, which at the agreed price were worth $217.50. An account for these services was disallowed by the board. Thereafter, in the verified form required by the city charter, the account was again presented to the board without action and to the common council. A committee to whom it was referred reported, recommending that it be not allowed, and the report was adopted by the common council and referred to the board of park commissioners. Then this suit was brought—an action of assumpsit—and the defendant city gave notice with the plea that it would insist that the park commissioners had no authority to contract with plaintiff for his services as engineer because the act under which they were existing provided that the city engineer should perform the duties of engineer of said board without additional

compensation.   It gave notice of the further claim
that the account had not been audited and certified by
the said park board as provided for in said act.   It
appeared that there were considerable public improve-
ments, requiring the attention of the city engineer, and
that his services were not at once and always at the
disposal of the park board.

The learned trial judge after hearing the testimony,
which leaves no room for doubt that the services were
rendered and the contract relied upon by plaintiff was
made, and which proves, too, that during the entire
period covered by the plaintiff's services there was a
city engineer of Bay City, with assistants, of whom
plaintiff was not one, was of opinion that the employ-
ment of plaintiff was unauthorized, and directed a ver-
dict for defendant, upon which a judgment was en-
tered.   The ruling was not apparently based upon the
fact that the account had not been audited by the park
board, although the language of the charge leaves this
point in some doubt.   The exceptions taken by plain-
tiff challenge the correctness of the ruling upon either
ground.

OSTRANDER, J. (*after stating the facts*).   1. In con-
struing statutes, courts, following a familiar rule,
seek to find a meaning which is reasonable and which
gives effect to all parts, all provisions, of the law.   Here
is a law plainly intended to turn over to a commission
the care and control of the city parks, to exercise all
powers and perform all duties theretofore vested in
the common council and its committee by the charter
and ordinances of the city and the rules of the council.
This is the general purpose of the law.   In addition,
certain powers are specifically mentioned as being con-
ferred upon the commission, among them the power to
employ superintendents and engineers.   This specifica-
tion of powers must be read with the declaration that:

"The city engineer of Bay City shall perform the
duties of engineer of said board without additional
compensation"

—and all the language be given, if it is possible, a
reasonable meaning and effect. Broadly, the argument
for the city leads to the result that the board had no
power to employ an engineer, at least not a civil engi-
neer, because, it is said, the legislative declaration,
later found in the same section, and which I have
quoted, must prevail over any preceding statement
with which it seems to be inconsistent. We are re-
ferred to the case of *Willsie* v. *Common Council,* 137
Mich. 445 (100 N. W. 605), as supporting this con-
tention, a case in which the court applied the general
rule I have referred to and gave effect to all of the
provisions of the law. I cannot suppose, after reading
the law, that the legislature first conferred upon the
park board the power to employ engineers and in the
same section reversed itself and limited the board to
the services of the city engineer. Such a conclusion
appears to be so unreasonable that one should reach it
only if compelled to do so. Something was confided to
the board of park commissioners—questions of con-
venience and necessity—and presumptions all favor
the conclusion that it employed plaintiff because it
needed his services although the city engineer was
officially engineer of the board and bound to perform
the duties of engineer of the board without additional
compensation. What, if any, duties he discharged as
engineer of the board does not appear. It is apparent,
however, that he may have been consulted, but that
details of improvements were better, perhaps unavoid-
ably, put in charge of the plaintiff. The question pre-
sented is one of the power of the board to employ an
engineer, and a reasonable construction of the act does

not deny the power.   Its exercise may have been faulty or even unnecessary in the particular case, which is another question.

2. If defendant's board had performed its legal duty, there being here no question of the amount of the demand, and authenticated the demand of plaintiff, so that it became liquidated, payment by the city would be enforced only in mandamus proceedings.   So nothing was sought for but performance of a plain legal duty by a public officer, or board.   But here the public board declined to authenticate the demand, and it will be assumed that the common council regarded the action as final, and therefore refused to allow the claim. Defendant must therefore rest upon the proposition that the determination of the board was final, and that the matter can be liquidated in no way except by suit. *Van Wert* v. *School District,* 100 Mich. 332 (58 N. W. 1119).

The judgment is reversed  with costs to appellant, and a new trial granted.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.