MILLER *v.* CITY OF DETROIT.

1. MANDAMUS—WHEN WILL ISSUE.
   Mandamus should not issue unless there is a clear legal duty upon the part of defendant, and a clear legal right in plaintiff to discharge of that duty.

2. SAME—WILL NOT ISSUE WHERE FACTS DISPUTED.
   Mandamus will not issue to compel city and its officials to return to plaintiffs paving taxes illegally collected by city where there was disputed issue of fact as to what amount, if any, should be refunded to plaintiffs.

Mandamus by Herman A. Miller and others against the city of Detroit and others to compel return of paving assessments illegally collected. From an order granting relief, defendants bring certiorari. Submitted April 22, 1930. (Calendar No. 34,389.) Reversed June 2, 1930.

*Clarence E. Wilcox,* Corporation Counsel, and *Paul T. Dwyer,* Assistant Corporation Counsel, for appellants.

*James F. Lane* (*Miller, Canfield, Paddock & Stone,* of counsel), for appellees.

NORTH, J. Herman A. Miller and approximately 170 other persons petitioned the circuit court of Wayne county for a writ of mandamus by which they sought to compel the return of paving assessments which they had paid to the city of Detroit. It was determined by this court that the assessments so paid were illegal and void in *Miller* v. *City of Detroit,* 244 Mich. 38. The facts giving rise to this and

the former litigation are set forth in the opinion in that case. The petition for mandamus recites the outcome of the former suit, and alleges that notwithstanding plaintiffs had petitioned the common council of Detroit to refund to them the amounts of the void assessments paid by them respectively, amounting to a total of $60,058.50 as admitted by the city treasurer, the common council, the city treasurer, and the city comptroller have failed to return said payments; and the common council has "failed and neglected and refused" to pass upon plaintiffs' petition to the common council for such repayment. The mandamus proceeding in the circuit court was heard upon respondents' return to an order to show cause. This return, which was not traversed, denied many of the material allegations contained in the petition. Among these allegations which are either denied or not admitted for want of information are the following: (a) That plaintiffs are the owners of the lots assessed; (b) that the decree in the case above cited (*Miller* v. *City of Detroit*) affects the right of any of the petitioners except Miller and Busch; (c) that the city treasurer admitted that the refund figured to October 9, 1929, was $60,058.50; (d) that under the decision of *Miller* v. *City of Detroit,* and chapter 4, § 30, of the Detroit city charter, it became the duty of the city to return to petitioners the illegally collected assessment; and (e) that the common council has neglected or refused to pass upon the petition asking repayment, but instead respondents assert the common council has taken said petition under advisement. All the allegations of the petition not admitted are specifically denied; and respondents affirmatively allege that there are no funds in the city treasury with which to make repayment, and that some of these claims are barred by the statute

of limitations. Further, the respondents set up that the petitioners have a complete and adequate remedy at law and that the court is without jurisdiction in the mandamus proceeding.

No proof was taken, and on the foregoing record the circuit judge ordered issuance of a writ of mandamus. The respondents review by certiorari and allege there was error in granting the writ for the following reasons:

"1. No traverse having been filed, the matters set forth in the answer and return of respondents are taken as true.

"2. Mandamus is not the proper forum because:

"(a) The relators have another adequate remedy at law.

"(b) Mandamus will not issue unless there is conclusive proof of the amount claimed.

"(c) The sum claimed is not fixed or liquidated.

"(d) The answer and return sets forth that there is no appropriation, fund or money available in the treasury with which to meet the claims of said relators.

"3. Relators are not entitled to recover as a matter of law.

"(a) Payments would, if made, be voluntary.

"(b) The charter does not recognize the mandatory duty of the common council to refund."

The record in the circuit court and in this court clearly presents a disputed issue of fact as to what amount, if any, should be refunded to the plaintiffs; and also as to whether the payments to the city were made by these plaintiffs. Without referring to other issues presented, it thus conclusively appears that plaintiffs' rights and defendants' duties depend upon the outcome of controverted issues. All must agree that the amount to be refunded, if any, would be fixed by the amount paid to the city; and further,

the refund should be to the persons who made the payments, but not necessarily to the present owners of the property. 5 McQuillin on Municipal Corporations (2d Ed.), p. 914.

"The writ of mandamus being a discretionary one, its issuance should not be directed unless there is a clear legal duty upon the part of defendant, and a clear legal right in plaintiff to the discharge of that duty." (Syllabus.) *Taylor* v. *Isabella Circuit Judge,* 209 Mich. 97.

In *Waterman-Waterbury Co.* v. *School District,* 183 Mich. 168, this court cited Merrill on Mandamus, § 16; High on Extraordinary Legal Remedies, § 341; 26 Cyc. p. 164; and quoted with approval:

" 'That if there be doubt as to what his legal right may be, involving the necessity of litigation to settle it, mandamus must be withheld; that its principal office is not to inquire and investigate, but to command and execute.   *   *   *   The rule has also been stated that mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts, or where the legal result of the facts is subject of legal controversy. If the right is reasonably in serious doubt, from either cause mentioned, the discretionary power rests with the officer to decide whether or not he will proceed to enforce it, till the right shall have been established in some proper action; and that discretion fairly exercised cannot be controlled by mandamus.' 2 Bailey on Habeas Corpus, pp. 801, 805.

" 'The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy.' *State* v. *New Haven & Northampton Co.,* 45 Conn. 331."

See, also, *First Nat'l Bank of Paw Paw v. Nash,* 232 Mich. 380.

No proof having been taken and the issues being in dispute, we cannot determine from this record whether these payments or any part of them were made with or without protest, voluntarily or involuntarily; but we do hold that plaintiffs on the record presented are not entitled to mandamus. The case is reversed, and the writ denied, with costs to the appellants.

WIEST, C. J., and BUTZEL, McDONALD, POTTER, SHARPE, and FEAD, JJ., concurred. CLARK, J., did not sit.