SALISBURY *v.* CITY OF DETROIT.

1. TAXATION—REMEDY TO RECOVER ILLEGAL TAXES PAID.
   Remedy to recover illegal taxes paid is in assumpsit for money had and received.

2. EQUITY—JURISDICTION—MULTIPLICITY OF SUITS.
   Existence of number of independent actions at law does not constitute multiplicity of suits which confers equitable jurisdiction.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted January 26, 1932. (Calendar No. 36,277.) Decided April 4, 1932.

Bill by William Salisbury and others against the City of Detroit, a municipal corporation, and another to recover special paving assessments on an invalid assessment. From order transferring cause to law side of court, plaintiffs appeal. Affirmed.

*James F. Lane* (*Miller, Canfield, Paddock & Stone, John C. Spaulding,* and *George W. Bourke,* of counsel), for plaintiffs.

*Paul T. Dwyer* (*Clarence E. Wilcox,* of counsel), for defendants.

FEAD, J. This is a bill in chancery by a large number of separate owners of land to recover special paving assessments, paid by them individually, on an assessment held void in *Miller* v. *City of Detroit,* 244 Mich. 38. Among others, defendants pleaded the defenses of the statute of limitations and ade-

quate remedy at law. The court entered an order transferring the case to the law side of the court for trial.

The remedy to recover illegal taxes paid is in assumpsit for money had and received. *Blanchard v. City of Detroit,* 253 Mich. 491, does not change the remedy. The bill there alleged a cause for injunctive relief, and, under familiar rule, the court disposed of the whole controversy. The existence of a number of independent actions at law does not constitute the multiplicity of suits which confers equitable jurisdiction. *Youngblood* v. *Sexton,* 32 Mich. 406 (20 Am. Rep. 654).

Order affirmed, with costs.

Clark, C. J., and Potter, Sharpe, North, Wiest, and Butzel, JJ., concurred. McDonald, J., did not sit.