### SALISBURY v. CITY OF DETROIT.

1. JUDGMENT—RES JUDICATA—MANDAMUS.

    Decision denying writ of mandamus compelling city to return to plaintiffs paving taxes illegally collected because of disputed question of fact as to what amount, if any, was returnable, is not *res judicata* of plaintiffs' right to recover in action at law.

2. LIMITATION OF ACTIONS—ACTION TO RECOVER TAXES ILLEGALLY COLLECTED.

    Statute of limitations, barring taxpayers' right to recover taxes illegally collected, began to run on date of payment rather than on date of assessment (3 Comp. Laws 1929, §§ 13976, 13982).

Appeal from Wayne; Sample (George W.), J., presiding. Submitted June 9, 1933. (Docket No. 82, Calendar No. 37,269.) Decided August 29, 1933.

Action by William Salisbury and others against City of Detroit, a municipal corporation, and an-

other to recover special paving assessments on an invalid assessment. Judgment for defendants. Plaintiffs appeal. Reversed, and new trial granted.

*George W. Bourke* and *Miller, Canfield, Paddock & Stone,* for plaintiffs.

*Paul T. Dwyer (Raymond J. Kelly,* of counsel), for defendants.

NORTH, J. Varying phases of this litigation appear in *Miller* v. *City of Detroit,* 244 Mich. 38; *Miller* v. *City of Detroit,* 250 Mich. 633; *Blanchard* v. *City of Detroit,* 253 Mich. 491; and *Salisbury* v. *City of Detroit,* 258 Mich. 235. In the decision last above noted we affirmed the order of the circuit judge transferring the suit from the equity to the law side of the court. A so-called amended declaration was filed, which recited that plaintiffs adopted their former bill of complaint as their declaration with one additional paragraph by way of amendment, which recited:

"The several plaintiffs paid to defendant such illegal and void assessments on their respective lots in the amounts and on the date set forth in the schedule * * * referred to in the stipulation of facts heretofore filed, and severally claim judgment for the sums paid by each * * * together with interest thereon."

Defendants filed an amended plea, in which it was asserted that all the payments were voluntarily made, not under protest; that plaintiffs were not entitled to the interest demanded on payments made; and further, defendants urge the defense of *res judicata* and the statute of limitations (3 Comp. Laws 1929, § 13976). No objection is made to the trial of plaintiffs' several claims in one suit at law.

The parties entered into a stipulation of facts which contains the following:

"Tax receipts and records of the city of Detroit show that the parties plaintiff * * * paid, * * * as special assessments for the paving * * * the amounts set forth and as indicated upon Exhibit A attached to the answer filed in this cause."

Upon trial before the court without a jury, defendants had judgment on the ground that the decision of the court in *Miller* v. *City of Detroit,* 250 Mich. 633, was *res judicata* of the respective claims of these plaintiffs, and further, "that the statute of limitations has run against the claims of the plaintiffs." Plaintiffs have appealed.

The trial court was in error in holding that our former decision was *res judicata.* We there pointed out specifically several controlling controverted issues of fact, and because of such issues held that mandamus was not available to plaintiffs. In part our decision was bottomed on the proposition that mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts, and further, that:

" 'The writ of mandamus is designed to enforce a plain positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy.' *State* v. *New Haven & Northampton Co.,* 45 Conn. 331, 343." *Miller* v. *City of Detroit,* 250 Mich. 633, 636.

Our decision in the *Miller Case* is not *res judicata* of the issues here presented. This is rather clearly indicated by the action of this court in the former Salisbury appeal (258 Mich. 235), wherein an order transferring this cause from the equity to the law side of the court was affirmed. Transferring the

cause would have been an idle ceremony if it had already been previously adjudicated.

Are the alleged rights of plaintiffs barred by the statute of limitations (3 Comp. Laws 1929, § 13976)? Appellees assert that "the statute of limitations runs from the date of the assessment and not from the date of the payment, as contended by plaintiffs." This contention cannot be sustained. These plaintiffs had no right of action against defendants to recover moneys paid to the municipality on void assessments until such payments were first made. It follows that the statute of limitations began to run on the date of payment, not before. As bearing upon the question of plaintiffs' cause of action being barred, see 3 Comp. Laws 1929, §§ 13976, 13982, and *Backus* v. *Kirsch, ante,* 73.

Judgment reversed, and a new trial granted. Costs to appellants.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.