TOAN *v.* McGINN.

1. COUNTIES—BOARD OF SUPERVISORS.
    The board of supervisors speak only through their motions and resolutions.

2. SAME—OFFICERS—SALARIES.
    The board of supervisors may fix the salary and compensation of the sheriff, county clerk and county treasurer (1 Comp. Laws 1929, §§ 1130, 1346–1348).

3. MANDAMUS—OFFICERS—INTERFERENCE WITH DISCRETION.
    Mandamus is not a matter of right, but rather one of grace and is a discretionary writ which will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts; is designed to enforce a plain, positive duty upon the relation of one who has a clear legal right to have it performed and where there is no other adequate legal remedy.

4. SAME—OFFICERS—INDIVIDUALS.
    Generally, public officers may not be proceeded against by individuals by mandamus except where they have some special interest not possessed by all citizens.

5. SAME—DISCRETION—MINISTERIAL ACTS.
    The decision of a public officer based upon facts requiring the exercise of judgment and not the mere performance of a ministerial act is not controlled by mandamus and the benefit of a doubt as to whether or not interference should be had, will be extended in favor of the public officer.

6. SAME—RECORD—OFFICERS—PROSECUTION OF ACTION FOR FEES.
    Record in proceeding by taxpayers to compel board of supervisors to bring action to recover fees from former sheriff, county clerk and county treasurer, paid during years in which salaries were fixed by the board *held*, insufficient to justify issuance of writ of mandamus since the action called for demanded consideration of matters of judgment and discretion.

Appeal from Ionia; Miles (Fred T.), J., presiding. Submitted November 20, 1934. (Calendar No. 38,065.) Decided April 8, 1935.

Petition by William Toan and others for a writ of mandamus to compel George McGinn and others, members of the board of supervisors of Ionia county, to proceed against former county officers to recover fees. Petition denied. Plaintiffs appeal. Affirmed.

*Kim Sigler,* for plaintiff.

*George E. Nichols,* for defendants.

EDWARD M. SHARPE, J. Petitioners are taxpayers of Ionia county and as such petitioned the court for a writ of mandamus to compel the board of supervisors to bring action against three former county officials for the recovery of certain fees paid them during the years 1929 and 1932 inclusive. The facts are not in dispute.

On June 30, 1928, the board of supervisors adopted the following resolution relating to the salaries of certain county officials:

"Resolution regarding the placing of county officers on a salary.

"Resolved, that the following officers of Ionia county be placed on a straight salary basis instead of the salary and fee system as in the past.

"It is recommended that the sheriff should be placed on a salary of $3,500, undersheriff at $2,000 and deputy at $1,500, and that mileage be allowed at $.08 per mile for sheriff and deputies. That all fees due the county should be turned over to county treasurer. County clerk's office at $3,500 and that all fees due the county be turned over to county

treasurer.   County treasurer at $2,500 with all county fees turned over to treasurer.

"We feel that this will be a more satisfactory manner in handling these offices than in the past in the old salary and fee system.

Respectfully submitted,
FRANK LINEBAUGH,
J. C. LONG,
WM. D. ROBERTSON.

"Moved by Frank Linebaugh and supported by Louis Peterson that the above resolution be adopted. Carried."

On June 28, 1930, the board of supervisors adopted the following resolution relating to the salaries of certain county officials:

"Resolved that the county officers of Ionia county be placed on the following salaries for the years 1931 and 1932.

"It is recommended that the sheriff shall receive a salary of $3,300. * * *

"It is recommended that the county clerk receive a salary of $3,300, for services rendered the county in criminal cases, as clerk of the circuit court, and for his services as clerk of the board of supervisors, and as clerk of county and district canvassers.   For his services in civil cases and other matters, such fees and compensation as shall be provided by law.

"It is recommended that the county treasurer receive a salary of $2,300, for services rendered to the county and civil fees. * * *

"Moved by A. A. Baxter and supported by Frank Linebaugh that the resolution governing county officers' salaries be adopted as amended.

"Chairman calling for an aye and no vote.  Majority of all supervisors voting aye the resolution was adopted."

After the adoption of this resolution, the following. action was taken by the board:

"Motion of A. A. Baxter and supported by James Hanigan that it is the understanding of this board that the resolution as adopted by this board regarding county officers' salary is the same as entered into two years ago except that the sheriff, treasurer and county clerk are to receive $200 each less in salary. Chairman calling for an aye and no vote. Majority of all supervisors voting aye the motion carried."

And at a meeting held on March 4, 1933, by the board of supervisors another resolution was offered and, so far as it applies to this case, is as follows:

"*Whereas* it seems to be necessary in order to settle the question that proceedings at law be commenced by the board of supervisors against said officers,

"Therefore, be it Resolved that the prosecuting attorney of the county of Ionia be and is hereby directed to begin proceedings to recover the fees paid to each of the aforesaid county officers, and that the chairman of the board of supervisors and clerk be authorized to sign any petition or other pleading or document that they may be advised is necessary for them to sign for the purpose of setting in motion a proceeding to settle the question whether the said county officers aforesaid have a right to retain said fees, or whether they should not be required by the order and direction of the court to pay such fees to the treasurer of the county to be credited to the general fund.

"Upon which resolution a vote was taken, five of the supervisors voting in favor thereof, and 18 against, as a result of which the motion lost."

Upon the refusal of the board of supervisors to act, the then prosecuting attorney took no further

action except to represent the defendants herein in the present action. It is also conceded that petitioners have no interest in this action except in common with other taxpayers of Ionia county.

Upon the conclusion of the testimony, the learned circuit judge denied petitioners the writ as petitioned for, holding that:

1. It is contrary to public policy that public officials should be subject to actions by other than lawfully constituted authority;

2. That it was discretionary for the board of supervisors to act in the matter; and the court has no power to compel the board to act contrary to their judgment;

3. The petitioner having made out a *prima facie* case against the former county officials; that some action should be brought against said officials by the prosecuting attorney and, if for any reason he could not act, then by some other suitable person.

Section 1130, 1 Comp. Laws 1929, prescribes the powers and duties of the several boards of supervisors of the State in the following language:

"The said several boards of supervisors shall have power and they are hereby authorized at any meeting thereof lawfully held:

"Ninth, To prescribe and fix the salaries and compensation of all employees of their respective counties where not fixed by law, to adjust all claims against their respective counties except in counties having a board of county auditors and the sums allowed in such adjustment of claims shall be subject to appeal as shall be provided by law;

"Sixteenth, To represent their respective counties and to have the care and management of the property and business of the county in all cases where no other provision shall be made."

The board of supervisors speak only through their actions and resolutions. Such resolutions as were adopted in 1928 and 1930 relating to salaries of certain county officials were intended to place said officials upon a salary basis. This the board had a right to do, see 1 Comp. Laws 1929, §§ 1346–1348. Under the present state of the pleadings, it appears that the former county officials may have retained fees which properly belong to the county and good business judgment would suggest that proper steps be taken to recover whatever may be due the county, but the precise question to determine in the case at bar is: Was mandamus the proper action?

Mandamus is not a matter of right, but rather one of grace (*Industrial Bank of Wyandotte* v. *Reichert,* 251 Mich. 396), and of discretion (*Burgess* v. *Jackson Circuit Judge,* 249 Mich. 558), which will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts (*Salisbury* v. *City of Detroit,* 264 Mich. 250), yet "the writ of mandamus is designed to enforce a plain, positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy." *State* v. *New Haven & Northampton Co.,* 45 Conn. 331, 343.

In *Miller* v. *City of Detroit,* 250 Mich. 633, this court stated what we think is the proper rule, "the writ of mandamus being a discretionary one, its issuance should not be directed unless there is a clear legal duty upon the part of defendant, and a clear legal right in plaintiff to the discharge of that duty."

Defendants urge that plaintiffs are not the proper parties for a writ of mandamus, as they have no greater rights than other taxpayers in Ionia county. The general rule is that it is not the policy of the law to permit individuals the use of the writ of man-

damus against public officers, except in cases where they have some special interest, not possessed by the citizens generally. *People, ex rel. Russell, v. Inspectors and Agent of State Prison*, 4 Mich. 187; *People, ex rel. Delbridge, v. Green*, 29 Mich. 121; *People, ex rel. McBride, v. Kent Board of Supervisors*, 38 Mich. 421. And in *Smith v. Wagner*, 234 Mich. 428, our court held that the writ of mandamus will not issue unless there is a clear legal right in the plaintiff to the discharge of a clear legal duty by the defendant.

Counsel for defendants relies upon the doctrine enunciated in *Miller v. Grandy*, 13 Mich. 540, that grievances which affect the community must be redressed by those to whom the law has intrusted the duty of interference.

The applicable rules are clear. To support mandamus, plaintiffs must have a clear legal right to performance of the specific duty sought to be compelled; defendants must have the clear legal duty to perform such act; and it must be a ministerial act, one "where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." 38 C. J. p. 598. See, also, *Globe Indemnity Co. v. Richer*, 264 Mich. 224; *Sezor v. Proctor & Gamble Soap Co.*, 267 Mich. 128.

Where an official act required construction of a group of statutes, it was held that the determination by the officer of his duty to perform the act involved the exercise of judgment and his duty was not ministerial. *American Casualty Ins. Co. v. Fyler*, 60 Conn. 448 (22 Atl. 494, 25 Am. St. Rep. 337).

In *United States, ex rel. Dunlap, v. Black*, 128 U. S. 40 (9 Sup. Ct. 12), the court held that, where several statutes were applicable to a given situation,

the commissioner of pensions could not be compelled by mandamus to pay a pension under a specific one of such statutes, although the facts were undisputed.

In *Roberts* v. *United States,* 176 U. S. 221 (20 Sup. Ct. 376), involving a plain duty imposed by a single statute, the court distinguished the *Black Case* on the ground that:

"The writ was refused in the *Black Case,* because, as the court held, the decision which was demanded from the commissioner of pensions required of him, in the performance of his regular duties as commissioner, the examination of several acts of congress, their construction and the effect which the latter acts had upon the former, all of which required the exercise of judgment to such an extent as to take his decision out of the category of a mere ministerial act. A decision upon such facts, the court said, would not be controlled by mandamus."

"In this connection it has been said that so jealous are the courts of encroaching in any manner upon the discretionary powers of public officers that, if any reasonable doubts exist as to the question of discretion or want of discretion, they will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer." 18 R. C. L. p. 125.

No specific statute requires the board of supervisors to institute legal proceedings to recover fees from officers. Whether suit shall be brought in any case obviously involves consideration of such business matters as the amount involved, the probable expense, the probability of success in litigation and the chances of collection. These are matters of judgment and discretion which the law commits to the board and not to the court. Moreover such an action would require the board to construe statutes of the

State and resolution of the board of supervisors and determine their effect upon the matters involved. From an examination of the entire record we cannot say that the action required by the board was purely ministerial, we think it required judgment and discretion.

Denial of writ is affirmed.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.