### DAHLSTROM *v.* CITY OF WHITEHALL

1. MANDAMUS — DISCRETION — PUBLIC OFFICER — PERFORMANCE OF DUTY.

Summary judgment for defendant in action by resident and taxpayer of city to compel mayor to require a factory within the city to connect its buildings to the city sewer system in accordance with ordinance requiring all residents having sewage to dispose of to connect their sanitary sewer lines to the public sewer main if there was one within 100 feet of the residence property line, notwithstanding an amendment of the ordinance requiring connection with city sewer lines only if the building is within 100 feet of a public sewer, which plaintiff urged was unconstitutional, *held*, proper, since determination by mayor of validity of amendment was an exercise of judgment and discretion which may not be interfered with by the courts.

2. PLEADING—AMENDMENT—FINDINGS—REASONS.

Denial of plaintiff's motion to amend count of complaint without stating any reasons for it or making specific findings in support of it *held*, reversible error.

Appeal from Muskegon, Engel (Albert J.), J. Submitted Division 3 November 13, 1968, at Grand Rapids. (Docket No. 4,885.) Decided November 27, 1968.

Complaint by A. Winton Dahlstrom against the city of Whitehall, a Michigan municipal corporation, and Richard L. Cogswell, mayor of the city of White-

REFERENCES FOR POINTS IN HEADNOTES

[1]  34 Am Jur, Mandamus § 199.
[2]  37 Am Jur, Motions, Rules and Orders § 16.

hall, to declare a 1967 amendment to defendant's city ordinance unconstitutional and for mandamus to compel the mayor to require a factory to connect its buildings to the city sewer system. Summary judgment for defendants. Plaintiff appeals. Affirmed in part and reversed in part.

*A. Winton Dahlstrom*, in propria persona.

*R. Burr Cochran*, for defendants.

PER CURIAM. This is an action by plaintiff, a resident and taxpayer of the city of Whitehall, to declare a 1967 amendment to defendant city ordinance no 25 unconstitutional and for mandamus to compel the mayor of said city to require Genesco to connect its buildings to the city sewer system. In 1961, the city of Whitehall enacted ordinance no 25 requiring all residents having sewage to dispose of to connect their sanitary sewer line to the public sewer main if there was such a public sewer main within 100 feet of such residents' property line. Genesco operates a leather tanning factory within the city of Whitehall, and their property abuts the public sewer line on Lake street. The buildings of Genesco are located more than 100 feet from a public sewer line. Ordinance no 25 was amended in 1967 changing the requirements. Under the amendment all residents were required to connect to a public sewer main if their building or buildings on their property were within 100 feet of a public sewer line.

Defendants filed a motion for accelerated judgment and summary judgment pursuant to GCR 1963, 116 and 117, asserting four reasons for granting the motion, 2 of which are: (1) that plaintiff's complaint does not state a cause of action, and (2) that

the courts will not interfere to compel performance of duties involving acts of judgment and discretion.

The court granted the summary judgment and passed only upon the first reason, viz: that plaintiff's complaint did not state a cause of action, and expressly stated in its opinion, that it became unnecessary to determine the other questions presented. Between the time of the issuance of the trial judge's opinion granting summary judgment and the time that the summary judgment was filed, plaintiff made a "motion for reinstatement of counts 1 and 2 and for permission to amend count 1." Plaintiff sought to show that since sewage emitted by Genesco was far greater than by any other resident, it was a unique member of the community and the ordinance amendment was meant only to exempt Genesco from having to connect to the public sewer line. On December 5, 1967, the court filed its summary judgment and denied plaintiff's motion to amend.

Plaintiff on appeal asserts that there is only one issue, *i.e.,* whether it was proper for the trial court to deny his motion for leave to amend the complaint without making specific findings stating the reasons for the denial.

We first will consider if the trial court properly dismissed Count II of the plaintiff's complaint, which seeks mandamus relief. Defendants' third reason stated in their motion for accelerated judgment, "that the courts will not interfere to compel performance of duties involving acts of judgment and discretion," is applicable. Plaintiff herein claimed that the amendment of 1967 to ordinance no 25, was unconstitutional. No court of competent jurisdiction had, at the time of filing plaintiff's complaint, ruled on the constitutionality of the amendment.

"Mandamus is not a matter of right, but rather one of grace (*Industrial Bank of Wyandotte* v. *Reichert* [1930], 251 Mich 396), and of discretion (*Burgess* v. *Jackson Circuit Judge* [1930], 249 Mich 558), which will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts (*Salisbury* v. *City of Detroit* [1933], 264 Mich 250), yet 'the writ of mandamus is designed to enforce a plain, positive duty, upon the relation of one who has a clear legal right to have it performed, and where there is no other adequate legal remedy.' *State* v. *New Haven & Northampton Co.* [1877], 45 Conn 331, 343." *Toan* v. *McGinn* (1935), 271 Mich 28, 33.

Plaintiff seeks mandamus to require the city mayor to enforce ordinance no 25 of the city Whitehall.

In *Miller* v. *City of Detroit* (1930), 250 Mich 633, 636, our Supreme Court quoted with approval the following:

"In *Waterman-Waterbury Co.* v. *School District* (1914), 183 Mich 168, this court cited Merrill on Mandamus, § 16; High on Extraordinary Legal Remedies, § 341; 26 Cyc p 163; and quoted with approval:

" ' "That if there be doubt as to what his legal right may be, involving the necessity of litigation to settle it, mandamus must be withheld." That its principal office is not to inquire and investigate, but to command and execute. * * * The rule has also been stated that mandamus will not lie to compel a public officer to perform a duty dependent upon disputed and doubtful facts, or where the legal result of the facts is subject of reasonable controversy. If the right is reasonably in serious doubt, from either cause mentioned, the discretionary power rests with the officer to decide whether or not he will proceed to enforce it, till the right shall have been

established in some proper action; and that discretion fairly exercised cannot be controlled by mandamus.' 2 Bailey on Habeas Corpus, pp 801, 805."

"*Where an official act required construction of a group of statutes, it was held that the determination by the officer of his duty to perform the act involved the exercise of judgment and his duty was not ministerial.*" *Toan* v. *McGinn* (1935), 271 Mich 28, 34. (Emphasis supplied.)

The grant of accelerated judgment dismissing count II was proper.

Plaintiff asserts that the trial judge committed error in not allowing plaintiff to amend count I and denying the reinstatement of counts I and II. We have already disposed of count II.

GCR 1963, 118 provides for amendments to pleadings and states: "leave [to amend] shall be freely given when justice so requires." In the case of *La-Bar* v. *Cooper* (1965), 376 Mich 401, Mr. Justice ADAMS stated on page 409:

"While the conclusions upon which the trial judge based his exercise of discretion are before us, his findings are not. Consequently, we are unable to say whether he exercised his discretion properly. The cases are remanded to the trial judge for further disposition in the light of this opinion. In the event the motions are denied, such exercise of discretion should be supported by specific findings as to reasons for the same."

Also see *Burg* v. *B & B Enterprises, Inc.* (1966), 2 Mich App 496.

Because the trial judge in denying plaintiff's motion to amend count I, failed to state any reasons or make specific findings in support thereof, we are unable to say whether he exercised his discretion properly.

The matter of amendment of count I is remanded to the trial court for further proceedings not inconsistent with this opinion. In the event the motion to amend is denied, such exercise of discretion should be supported by specific findings as to the reasons for the same.

Affirmed in part and reversed in part, and remanded for further proceedings. No costs, neither party prevailing in full.

HOLBROOK, P. J., and T. G. KAVANAGH and McINTYRE, JJ., concurred.