DETROIT FEDERATION OF TEACHERS v DETROIT BOARD OF
EDUCATION

1. Schools and School Districts—School Boards—Statutory Responsibility—Teachers—Contracts—Tenure—Probationary Period.

   A school board by adopting a local policy at variance with the statute cannot evade its statutory responsibility to contract with qualified teachers and provide tenure to qualified teachers giving satisfactory performance after a probationary period (MCLA 38.71 *et seq.,* 340.569).

2. Schools and School Districts—School Boards—Teachers—Tenure—Probationary Period—Contracts—Mandamus.

   A writ of mandamus was properly issued to compel a school board to comply with its clear legal duty to contract with duly qualified teachers and afford them tenure after a probationary period, and the board cannot avoid that duty by labeling certain regular personnel as "emergency substitutes in a regular position", thus in effect making those teachers permanent "substitutes" who although qualified and laboring for the full school year on a regular day-to-day basis were denied probationary contracts and the possibility of tenure guaranteed by the tenure act (MCLA 38.71 *et seq.,* 340.569).

Appeal from Wayne, Horace W. Gilmore, J. Submitted Division 1 October 11, 1973, at Detroit. (Docket No. 16243.) Decided November 29, 1973. Leave to appeal applied for.

Complaint by Detroit Federation of Teachers and others against the Detroit Board of Education, seeking a writ of mandamus compelling the board to contract with duly qualified teachers. Writ granted. Defendant appeals. Affirmed.

Reference for Points in Headnotes
[1, 2] 68 Am Jur 2d, Schools §§ 149–160.

*Marston, Sachs, O'Connell, Nunn & Freid,* for plaintiffs.

*Riley & Roumell* (by *George T. Roumell, Jr.,* and *Thomas M. J. Hathaway),* for defendant.

Before: Lesinski, C. J., and R. B. Burns and Quinn, JJ.

Lesinski, C. J. This appeal is taken from a writ of mandamus issued by the Honorable Horace W. Gilmore on behalf of the plaintiff Detroit Federation of Teachers, compelling the defendant, Detroit Board of Education, to comply with MCLA 340.569; MSA 15.3569. The language from this section upon which the trial judge based his order provides:

"The board of every district shall hire and contract with such duly qualified teachers as may be required."

The writ of mandamus appealed from ordered the Detroit Board to:

"comply with said Section 569 of the School Code of 1955, as amended, and specifically, to enter into individual, written contracts as attached hereto (being the defendant's standard probationary contract form), with all certificated teachers (whether or not heretofore denominated 'emergency substitutes in regular positions' [ESRP's], and not already on continuing, annual or probationary contracts), who, on or about January 15, 1973, were assigned to teach in a regular position (i.e., other than as a temporary replacement for another teacher on illness or temporary disability leave), for the school year 1972–73 * * * and further provided that in the event a dispute arises as to inclusion of any teacher in said class, the Court reserves jurisdiction to determine as necessary the identity and individual effective dates of persons in the said class * * * ."

The primary factor precipitating this lawsuit was the adoption by the board of the following recommendation of its personnel committee on February 8, 1972:

"Teacher assignments and all other assignments of new or returning personnel shall be made as E.S.R.P. [emergency substitute in regular position] assignments, not as regular or probationary appointments."

The Detroit board by adopting this policy was in effect avoiding its responsibility under the School Code, § 569, to contract with duly qualified teachers, and further was seeking to evade its responsibility under the teachers' tenure act, MCLA 38.71, *et seq.;* MSA 15.1971, *et seq.,* to provide tenure to qualified teachers giving satisfactory performance after a probationary period. We find that the order of Judge Gilmore properly and effectively remedied these board violations of state law and should be upheld on appeal.

The board contends that this action was not proper for the issuance of a writ of mandamus. In *Toan v McGinn,* 271 Mich 28, 33; 260 NW 108, 110 (1935), the Court, quoting from *Miller v Detroit,* 250 Mich 633; 230 NW 936 (1930), stated the applicable rule for issuance of mandamus:

"The writ of mandamus being a discretionary one, its issuance should not be directed unless there is a clear legal duty upon the part of defendant, and a clear legal right in plaintiff to the discharge of that duty."

In the instant case, the board had a clear legal duty under the cited legislative provisions to contract with duly qualified teachers and afford them tenure after a probationary period. Mandamus was properly issued. The language in § 569 of the School Code making the duty to contract "as may

be required" does not alter the mandatory nature
of the duty to contract. Furthermore, it does not
make the duty to contract "discretionary" so as to
defeat mandamus. The teachers involved in this
dispute were already employees of the board. The
determination that they were required had al-
ready been made. The board cannot avoid its clear
legal duty to contract with qualified, certified
teachers by labeling them "emergency substitutes
in a regular position", thus in effect making them
permanent "substitutes" who although qualified
and laboring for the full school year on a regular
day-to-day basis are denied probationary contracts
and the possibility of tenure guaranteed by the
tenure act.

The board further contends that Judge Gil-
more's order, by specifying that the board contract
with all regular teachers as defined in the order
and by specifying the contract to be used, *i.e.,* the
standard probationary contract, violated the terms
of the collective bargaining agreement entered
into by the parties and the past practices of the
parties. Granting the provisions in the bargaining
agreement applying to a class of teachers denomi-
nated as "emergency substitutes in a regular posi-
tion", the agreement never specifically defines the
nature of that position. Neither the court below
nor this Court have any desire to rewrite the
bargain of the parties or to dictate to the board
whom they may hire or the specific terms of the
contract. We agree with the board that the num-
ber of teachers hired, the specific terms ancillary
to individual contracts, and the use and scope of
"E.S.R.P.s" are matters for the bargaining table.

All that we hold, and all the trial court held, is
that the board cannot avoid statutory responsibili-
ties by playing with labels. The School Code re-

quires that the board contract with qualified teachers. The tenure act provides for the granting of tenure after a specified probationary period. The board, by assigning qualified personnel teaching on a regular basis to the "E.S.R.P." denomination, was in effect creating permanent "substitutes" who did not receive contracts, and who might not acquire tenure. Judge Gilmore's specification of the board's own probationary contract did no more than protect the statutory rights of teachers in the defined class. Issuance of any other contract would have raised serious equal protection problems.

Whatever the past practice of the parties, and whatever special provisions were made in the agreement for "E.S.R.P.s", the board's policy violated clear statutory duties. The violation of these duties was properly remedied by mandamus. The order issued by the lower court carefully reserved factual disputes as to which teachers came within the order to its jurisdiction. Numerous hearings were subsequently held defining the class. We can find no error in the propriety of the order or the execution of the remedy below.

Affirmed. No costs, a public question being involved.

All concurred.