Kelly, J.
(dissenting). I disagree with the majority’s reversal of the Court of Appeals decision. I believe plaintiffs have standing to bring the current actions and mandamus has been appropriately sought. I would affirm the Court of Appeals decision that reversed summary disposition in favor of Macomb County and affirmed denial of Wayne County’s motion for summary disposition.
I. THE STATUTES
Plaintiffs alleged in their complaints that defendants violated the soldiers’ relief fund act[1] by failing to comply with their duty to levy and collect a tax and perform other obligations. Section 1 of the act creates a relief fund by mandating an annual tax levy and payment of the moneys collected to the county treasurer. MCL 35.21.
*748 The method for disbursing moneys from the fund appears at § 3 of the act. This section mandates the compilation of a list of persons entitled to relief under the act and a determination of the amount of relief to be granted to such persons. MCL 35.23.[2]
In summary, a relief fund was to be established and an annual compilation of the names of persons entitled to monies from the fund was to be made. Many of the actions of the county board of commissioners, the township supervisors and the soldiers’ relief commission that are described in the statute are mandatory, as evidenced by use of the word “shall.”
Under the act, the county board of commissioners has a duty to levy a tax annually. The supervisor of each township and ward is obligated to make a list of persons eligible for relief and give that list to the soldiers’ relief commission. The soldiers’ relief commission must determine the amount of money to be distributed to the persons on the list. The county board of commissioners is obligated to pay the money from the taxes to the county treasurer, who disburses the money at the order of the soldiers’ relief commission.
The majority focuses on the discretion that the act gives the soldiers’ relief commission to set the amount to be distributed. However, plaintiffs do not allege that the soldiers’ relief commission failed to comply with the act, nor do they request money from it. Rather, plaintiffs seek to compel the creation of a relief fund through the levy and collection of an *749 annual tax. The majority’s reliance on the discretion of the soldiers’ relief commission ignores the fact that the act gives no discretion whatsoever regarding whether taxes are levied and a fund created. It mandates these acts and directs the board of commissioners to accomplish them.
In the cases before us, plaintiffs claim that the county boards of commissioners failed to comply with the act and perform their nondiscretionary duties. Plaintiffs alleged in their complaints that the county boards of commissioners had not at any time levied a tax for the soldiers’ relief fund.[3] This failure to comply with the nondiscretionary obligations of the act is the basis of plaintiffs’ claims. Hence, the majority’s focus on the discretionary nature of the soldiers’ relief commission’s duties camouflages the relevant fact: no discretion exists that permits the county boards of commissioners not to levy taxes for a soldiers’ relief fund.[4]
*750 n. STANDING
The trial court decisions in these matters were made on motions for summary disposition and are reviewed de novo. Maiden v Rozwood, 461 Mich 109, 118; 597 NW2d 817 (1999). In both cases, defendants challenged plaintiffs’ standing under MCR 2.116(C)(8). Such motions test the legal sufficiency of the complaint, and, when ruling on them, the court may consider only the pleadings. A trial judge may grant summary disposition where the claims alleged are “so clearly unenforceable as a matter of law that no factual development could possibly justify recovery.” Id. at 119.
The majority has concluded that summary disposition was properly granted to Macomb County and improperly denied to Wayne County. It adopts the test for standing articulated in Lujan v Defenders of Wildlife, 504 US 555; 112 S Ct 2130; 119 L Ed 2d 351 (1992). It then finds that plaintiffs failed to establish standing under the test.
While I agree with the majority’s adoption of the Lujan test, I cannot agree that plaintiffs lack standing. That conclusion ignores the nature of plaintiffs’ claims. Plaintiffs did not appeal from the denial of benefits under the act. Instead, they sought to compel defendants to comply with the act. That the amount of relief “is solely within the discretion of the commission” is irrelevant to a determination of the injury plaintiffs sustained from defendants’ failure to establish a relief fund in compliance with the act.
To withstand summary disposition on the basis of standing, plaintiffs must plead that they suffered an injury in fact through defendants’ failure to comply *751 with the mandates of the soldiers’ relief fund act. They have done so. They have alleged that they are members of the class of persons for whose benefit the fund was intended. They have alleged that defendants failed to (1) levy a tax to establish the relief fund, and (2) pay the collected moneys to the county treasurer, both of which were for the benefit and relief of plaintiffs. Plaintiffs have asserted that, because defendants failed to comply with the act and establish the fund, plaintiffs could not apply for or receive benefits to which the act entitled them.
Because plaintiffs have alleged failure to establish a relief fund and denial of the opportunity to apply for or receive its benefits, they have sufficiently asserted an injury in fact. There is no need for them to allege precisely how the fund would have helped them. Had it been established, plaintiffs have alleged that they would have applied for financial assistance.
It is inescapable that the creation of a fund and the opportunity for indigents to receive its financial assistance would have benefitted plaintiffs in a concrete and particularized manner. By definition, to be indigent is to be “needy and poor, or one who has not sufficient property to furnish him a living nor anyone able to support him to whom he is entitled to look for support.” Black’s Law Dictionary (6th ed). Through their assertions, plaintiffs have sufficiently alleged “specific, concrete facts demonstrating that the challenged practices harmed [them], and that [they] personally would benefit in a tangible way from the court’s intervention.” Warth v Seldin, 422 US 490, 508; 95 S Ct 2197; 45 L Ed 2d 343 (1975).
The majority determines that plaintiffs’ claims are “uncertain” because plaintiffs do not allege a likeli *752 hood that the soldiers’ relief commission would have granted funds to them. Under this test, no plaintiffs could ever have standing to contest defendants’ failure to establish a relief fund. No plaintiff could know how a soldiers’ relief commission would have exercised its discretion. If plaintiffs’ had sought relief within the discretion of the soldiers’ relief commission, what could they be required to allege to defeat a motion for summary disposition under MCR 2.116(C)(8)? I submit that it is only that, under a reasonable exercise of discretion, the soldiers’ relief commission would have granted them relief. Plaintiffs in these cases made that showing by alleging their eligibility, as veterans and as indigents.
However, that the amount of relief distributed was solely within the discretion of the soldiers’ relief commissions is in no way related to whether plaintiffs suffered an injury in fact. Since plaintiffs alleged injury from defendants’ failure to establish funds in accordance with the act, the issue of discretion in administering the funds is irrelevant.
Plaintiffs also adequately pleaded facts that'established the second element of the Lujan test. The causal connection between their alleged injuries and defendants’ alleged conduct or failure to act is illustrated in the reasoning above. If defendants had complied with the requirements of the act, plaintiffs have asserted that they would have applied for benefits. There is no indication that the failure to comply with the provisions of the act was the result of the independent action of a third party.
Finally, plaintiffs have pleaded facts sufficient to fulfill the third element of the Lujan test. They seek to compel defendants’ full compliance with the *753 soldiers’ relief fund act. On the basis of the pleadings, plaintiffs have alleged sufficient facts to establish that their injuries would be redressed if these cases were returned for further proceedings.
For these reasons, I would conclude that plaintiffs have standing under the test in Lujan.
m. MANDAMUS
Mandamus is an extraordinary remedy that cannot be invoked to compel discretionary actions. Teasel v Dep’t of Mental Health, 419 Mich 390, 409-410; 355 NW2d 75 (1984). However, an order of mandamus can be issued where “a body or an officer [is] charged with a duty to take action in the matter, notwithstanding the fact that the execution of that duty may involve some measure of discretion.” Id. at 410.
Therefore, mandamus can compel a body or officer to exercise discretion, but cannot compel the manner in which the discretion is exercised. Id. To issue an order of mandamus, a defendant must have a clear legal duty and a plaintiff must have a clear legal right to have the duty performed. Toan v McGinn, 271 Mich 28, 33; 260 NW 108 (1935).
The relevant parts of the soldiers’ relief fund act are phrased in terms of clear legal duties that are applicable to defendants. Under the act, the county board of commissioners is charged with the duty of levying taxes on an annual basis. It is the exercise of duty that plaintiffs seek to compel, a proper purpose for the issuance of an order of mandamus.
The act also imposes a legal duty on defendants to create a fund for the relief of honorably discharged indigent veterans and their indigent spouses, minor *754 children, and parents. It establishes a clear legal right to relief for certain persons, including the class that plaintiffs seek to represent. Whether persons eligible under the act receive relief is dependent on compliance by defendants in establishing a relief fund. Defendants have clear legal duties and plaintiffs have a clear legal right to have defendants perform their duties. Mandamus is appropriately sought.
IV. CONCLUSION
The soldiers’ relief fund act, however arcane, is valid and binding law. The Legislature could have chosen to repeal it at any time during the last century, but did not do so. Moreover, it is apparent from the fact that the Legislature amended the act in 1984 that it made a conscious decision not to repeal it.
The majority’s reliance on that portion of the act giving the soldiers’ relief commission discretion in granting relief ignores the nature of plaintiffs’ claims. Plaintiffs did not contend that the soldiers’ relief commission failed to comply with the act. Nor did plaintiffs seek relief within the discretion of that commission. Therefore, the fact that the amount of relief “is solely within the discretion” of the soldiers’ relief commission, as the majority points out, is irrelevant to the claims presented here. What plaintiffs seek is to compel the county boards of commissioners to comply with their mandatory obligation to annually levy taxes and to create relief funds.
As noted by the majority, the soldiers’ relief fund act is remedial and should be read liberally in favor of plaintiffs, its intended beneficiaries. See Chandler v Dowell Schlumberger Inc, 456 Mich 395, 398; 572 *755 NW2d 210 (1998). Plaintiffs alleged that they suffered an injury in fact through defendants’ failure to establish relief funds and denial of the opportunity to apply for or receive benefits under the act. These claims are not so unenforceable as a matter of law that no factual basis could possibly justify recovery.
Plaintiffs have satisfied the criteria under the Lujan test, establishing standing. The soldiers’ relief fund act charges defendants with the duty to take action in plaintiffs’ interest. Hence, the Court of Appeals correctly determined that plaintiffs had standing to bring suit and that mandamus was a proper remedy. Accordingly, I would affirm the decision of the Court of Appeals.
Cavanagh, J., concurred with Kelly, J.

 MCL 35.21 et seq.

 Pursuant to MCL 35.622, the soldiers’ relief commission was declared inoperative and its duties and powers transferred to the county department of veterans’ affairs. This opinion will continue to refer to the soldiers’ relief commission for the sake of consistency.

 It appears that the allegation regarding the Macomb County Board of Commissioners may have been overstated. Plaintiffs’ counsel conceded during oral argument that the record does not establish whether a fund was created in Macomb County at sometime in the past and later eliminated. Nevertheless, it must be remembered that these cases challenge rulings made on motions for summary disposition brought under MCR 2.116(C)(8). In ruling on these motions, only the pleadings are considered. Maiden v Rozwood, 461 Mich 109, 119-120; 697 NW2d 817 (1999). Therefore, the concession is not relevant to the resolution of this appeal.
Moreover, plaintiffs’ complaints alleged ongoing violations of the act. Whether a fund went into and out of existence during the last century has no bearing on the allegation that the Macomb County Board of Commissioners failed to comply with the act at the time plaintiffs filed their complaint.

 As noted by the majority and the concurrence, the act gives the county boards of commissioners discretion in determining the amount of the annual tax levy. However, this fact does not in any way undermine plaintiffs’ claims. As evidenced by the word “shall,” there is no discretion regarding whether to levy an annual tax.