*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CLARKSTON CARES 2022,

       Plaintiff-Appellee,

v

JENNIFER SPEAGLE, CLERK OF THE CITY OF
THE VILLAGE OF CLARKSTON,

       Defendant-Appellant.

UNPUBLISHED
September 1, 2022

No. 362670
Oakland Circuit Court
LC No. 2022-195571-AW

Before: GLEICHER, C.J., and CAVANAGH and O'BRIEN, JJ.

PER CURIAM.

Defendant, Clerk for the City of the Village of Clarkston, appeals as of right the trial court's order granting mandamus relief to plaintiff and compelling defendant to certify plaintiff's 2022 ballot question language to the Oakland County Clerk for placement on the ballot for the upcoming general election.[1] We affirm.

The statutes relevant to this appeal are sections 21, 22, and 25 of the Home Rule City Act [HRCA], MCL 117.21, MCL 117.22, and MCL 117.25, and section 646a of the Michigan Election Law, MCL 168.646a. The relevant portions of MCL 117.21 provide:

(1) An amendment to an existing city charter . . . may be proposed . . . by an initiatory petition. If the amendment is proposed by the legislative body of the city, the amendment shall be submitted to the electors of the city at the next regular municipal or general state election, or at a special election, held not less than 60 days after the proposal of the amendment. *If the amendment is proposed by an initiatory petition, the amendment shall be submitted to the electors of the city at*

---

[1] Consideration of this appeal has been expedited by this Court's order of August 30, 2022.

*the next regular municipal or general state election* held in the city not less than 90 days after the filing of the petition.

(2)     Proposed charter amendments and other questions to be submitted to the electors shall be published in full with existing charter provisions that would be altered or abrogated by the proposed charter amendment or other question.  The purpose of the proposed charter amendment or question shall be designated on the ballot in not more than 100 words, exclusive of caption, that shall consist of a true and impartial statement of the purpose of the amendment or question in language that does not create prejudice for or against the amendment or question.  The text of the statement shall be submitted to the attorney general for approval as to compliance with this requirement before being printed.  In addition, the proposed charter amendment in full shall be posted in a conspicuous place in each polling place.  The form in which a proposed charter amendment or question shall appear on the ballot, unless provided for in the initiatory petition, shall be determined by resolution of the legislative body, and if provided for by the initiatory petition, the legislative body may add an explanatory caption.  [Emphasis added].

MCL 117.25(3) provides:

Upon receipt of the petition, the city clerk shall canvass it to ascertain if it is signed by the requisite number of registered electors.  For the purpose of determining the validity of the petition, the city clerk may check any doubtful signatures against the registration records of the city.  *Within 45 days from the date of the filing of the petition, the city clerk shall certify the sufficiency or insufficiency of the petition.  If the petition contains the requisite number of signatures of registered electors, the clerk shall submit the proposed amendment to the electors of the city at the next regular municipal or general state election* held in the city which shall occur not less than 90 days following the filing of the petition.  [Emphasis added].

The relevant parts of MCL 117.22 provide:

Every amendment to a city charter. . .  before its submission to the electors . . . shall be transmitted to the governor of the state.  If he shall approve it, he shall sign it; if not, he shall return the charter to the commission and the amendment to the legislative body of the city, with his objections thereto . . .  *If it be an amendment proposed by initiatory petition, it shall be submitted to the electors notwithstanding such objections*.[2]  [Emphasis added].

---

[2] Under Const 1963 art 2, §9 "No law initiated or adopted by the people shall be subject to the veto power of the governor . . . ."

The relevant part of MCL 168.646a(2), provides:

> If a ballot question of a political subdivision of this state including . . . a . . . city . . . is to be voted on at a regular election date or special election, the ballot wording of the ballot question *must be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election. If the wording is certified to a clerk other than the county clerk, the clerk shall certify the ballot wording to the county clerk at least 82 days before the election.* Petitions to place a county or local ballot question on the ballot at the election must be filed with the clerk at least 14 days before the date the ballot wording must be certified to the local clerk. [Emphasis added].

The next general election is November 8, 2022. The twelfth Tuesday before that election was August 16, 2022.

Defendant is the city clerk for the City of the Village of Clarkston. Plaintiff is a ballot question committee which circulated petitions to amend Clarkston's city charter to authorize and regulate medical marijuana "provisioning centers" inside the city. Plaintiff presented its signed petitions to the city on July 1, 2022, over 45 days before the August 16, 2022 deadline under §646a(2). Defendant does not raise any challenges to the circulation of the petition, its form, or the number of valid signatures. Plaintiff's counsel sent several e-mail inquiries regarding whether there was an adequate number of signatures on the petitions. In an e-mail dated July 13, 2022 defendant stated that she had "canvassed the petitions" but did not state whether there was a sufficient number of signatures. In a letter e-mailed August 11, 2022 defendant acknowledged that the petitions were timely filed on July 1, 2022 and that the petition had an adequate number of valid signatures. The relevant part of that August 11, 2022 letter stated:

> Pursuant to Michigan statutes MCL 117.21(2), 117.22 and MCL 117.25(3), as City Clerk, I have 45 days to review the petition to make sure it is signed by the requisite number of registered electors. The City of the Village of Clarkston has 803 electors and you have provided 88 signatures that are appropriate and valid, so your petition has the proper amount of signatures.

> I will advise the City Council of all the facts of this petition and that the petition has the requisite number of signatures and will put this on a City Council agenda in the near future to apprise City Council of the petition and ballot language.

> Thereafter, by law, I must send the petition out to the Attorney General and Governor for review.

> As indicated by the governing guidelines (Attached Exhibit A), your July 1, 2022 filing was too late to be considered for the November 2022 election.

The day after receiving that letter plaintiff sought a writ of mandamus to compel defendant to certify the sufficiency of the petition and submit it on the ballot, arguing that its petition was timely and had a sufficient number of valid signatures and that defendant simply waited almost the entire 45-day period until it was too late to seek approval from the city council, attorney general, or governor before the certification deadline set by MCL 168.646a(2). Since the petitions

had an adequate number of valid signatures, plaintiff argued that defendant was required to certify the sufficiency of the petition and place the question on the ballot. Defense counsel argued that determining whether there were adequate valid signatures was simply the first step to certification, and that the question would first have to go to the city council to determine the ballot language. After vetting by the city council the proposed charter amendment would go to the attorney general and then the governor for their approval. Only after that process was completed could defendant certify the sufficiency of the petition and have the proposed charter amendment placed on the ballot. The trial court disagreed with defendant's argument and agreed with plaintiff that defendant had apparently delayed her decision until the last minute in order to prevent timely certification. The trial court granted plaintiff's motion for writ of mandamus and ordered defendant to certify plaintiff's ballot language to the county clerk by August 16, 2022 for placement on the ballot for the November 8, 2022 election.

Defendant maintains that the ballot initiative proposal to amend the city charter must be vetted by the city council and approved by the attorney general under MCL 117.21(2) and reviewed by the governor under MCL 117.22 before it can be certified by the city clerk for placement on the ballot. Since the city council, attorney general and governor had not yet reviewed the proposed charter amendment, the clerk had no duty to certify the ballot question under MCL 168.646a(2), plaintiff failed to show a right to have the ballot question certified, and the trial court erred by granting mandamus relief. We disagree.

"A person aggrieved by an action, or failure of action, of the city clerk may bring an action against the clerk in the circuit court for writ of mandamus or for other appropriate relief." MCL 117.25(7). Accordingly, mandamus is generally the appropriate remedy to compel an election official to perform election-related duties such as a city clerk's certification of a ballot question. *Warren City Council v Buffa*, 333 Mich App 422, 435; 960 NW2d 166 (2020), lv den 506 Mich 889 (2020). Plaintiff must show four things to obtain a writ of mandamus: (1) that the plaintiff has a clear legal right to performance of the specific duty sought; (2) that the defendant has a clear legal duty to perform that act; (3) that the act is ministerial; and (4) that no other adequate legal or equitable remedy exists that might achieve the same result. *Buffa*, at 429; *Berry v Garrett*, 316 Mich App 37, 41; 890 NW2d 822 (2016).

A trial court's decision whether to grant mandamus relief is reviewed for an abuse of discretion. *Buffa*, 333 Mich App at 429; *Berry*, 316 Mich App at 41. However, the first two elements, the existence of a clear legal right and a clear legal duty, present questions of law reviewed de novo. *Id*. "Related issues of statutory interpretation are also reviewed de novo." *Berry*, at 41. "A ministerial act is one in which 'the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment.'" *Hillsdale Co Senior Services, Inc v Hillsdale Co*, 494 Mich 46, 58 n 11; 832 NW2d 728 (2013) [quoting *Toan v McGinn*, 271 Mich 28, 34; 260 NW 108 (1935)]. When interpreting statutes, "this Court's duty is to effectuate the Legislature's intent," which may reasonably be inferred from the statutory language. *Buffa*, at 429-430. "Every word or phrase in a statute should be given its plain and ordinary meaning." *Id*., at 430  Statutory language using the word "shall" indicates a mandatory directive rather than a discretionary one. *Id*., at 435.

The Michigan Constitution expressly gives a city's resident voters the power to amend city charters. Const 1963, art 7, §22 provides:

*Under general laws the electors of each city and village shall have the power and authority to frame, adopt and amend its charter, and to amend an existing charter* of the city or village heretofore granted or enacted by the legislature for the government of the city or village. Each such city and village shall have power to adopt resolutions and ordinances relating to its municipal concerns, property and government, subject to the constitution and law. No enumeration of powers granted to cities and villages in this constitution shall limit or restrict the general grant of authority conferred by this section. [Emphasis added].

Const 1963, art 7, §34 provides:

The provisions of this constitution and law concerning counties, townships, cities and villages shall be liberally construed in their favor. Powers granted to counties and townships by this constitution and by law shall include those fairly implied and not prohibited by this constitution.

"Under Article 7, § 22, the electors of cities are vested with control over their cities' charters, and Article 7, § 34 states that statutory and constitutional provisions concerning cities should be liberally construed in their favor." *Sheffield v City of Detroit*, 508 Mich 851, 852; 962 NW2d 157 (2021). The sections of the HRCA, "must be read against the backdrop of Article 7, §§ 22 and 34 of the 1963 Constitution." *Id.*, at 852-853 (citations omitted).

Defendant cites HRCA §§21, 22, and 25, MCL 117.21, MCL 117.22, and MCL 117.25, arguing that those statutes require review by the city council, approval by the attorney general, and submission to the governor for review before a ballot initiative to amend a city charter can be certified by the city clerk to be placed on the ballot. We disagree. Defendant's argument is not supported by the plain language of the relevant statutes.

In *Buffa,* this Court concluded that the governor's approval under HRCA §22 was not a prerequisite or requirement for the city clerk's certification of ballot language under 646a(2). 333 Mich App at 430. Section 22 does not indicate that the governor's approval amounts to certification to a local clerk under §646a(2), and §646a(2) does not refer to the approval process of §22, "indicat[ing] that our Legislature did not intend for the governor's approval to stand as a prerequisite to the local clerk's act of certifying ballot language to the county clerk under MCL 168.646a(2)." *Id.* "[N]othing in the plain language of the statutes implies that the governor's approval under MCL 117.22 is the certification contemplated by MCL 168.646a(2)." *Buffa*, at 430. While §646a(2) sets very specific deadlines, §22 only states that the governor's approval must come before the proposal is submitted to the electors. *Buffa,* at 431. The Court explained that the apparent conflict between HRCA §22 and Michigan Election Law §646a(2) "is easily resolved if one understands that the act of certifying ballot language to a local clerk under MCL 168.646a(2) is not the same as the governor's act of approving a charter amendment under MCL 117.22." *Id.* Similarly, in *Sheffield*, our Supreme Court noted the HRCA §22 requirement that a proposed city charter amendment be submitted to the governor for approval, and that the statute is silent with regard to whether the governor's approval is required prior to submission to the electors. The Court found that it "cannot interpret such silence as requiring gubernatorial approval before a charter revision is submitted to the electors" and "decline[d] to read into MCL 117.22 a requirement that is not explicitly spelled out, bearing in mind that cities continue to enjoy 'powers

not expressly denied,' and the electorate of a city is entitled to the final word as to whether a revised charter is to be adopted." 508 Mich 852-853 (citations omitted). Furthermore, the language of §22 expressly states that an amendment initiated by petition, as in this case, "shall be submitted to the electors notwithstanding" the governor's objections.

While the language of MCL 117.21(2) allows the city council (its legislative body) to prepare and add an explanatory caption for the ballot proposal, nothing in the statutory language mandates that a ballot question presented by initiative be presented to the city council, nor does the statutory language make city council approval of a caption a prerequisite to the clerk's certification of the sufficiency of the petition under MCL 117.25(3) or the certification to the local or county clerk under MCL 168.646a(2). While §21(2) also states that "the text shall be submitted to the attorney general for approval . . . before being printed," nothing in the plain language of §21(2) or the other statutes cited by defendant indicate that submission to or approval by the attorney general is required before the clerk must certify the sufficiency of the petition under MCL 117.25(3) or the ballot wording under MCL 168.646a(2). Like the governor's review under §22, the city council's approval of an explanatory statement and the attorney general's review and approval are not prerequisites or requirements for the city clerk's certification of ballot language under 646a(2).

In contrast, the plain language of MCL 117.21(1) states that where an amendment to a city charter is proposed by initiatory petition, the amendment *shall* be submitted to the voters at the next election. The plain language of MCL 117.25(3) states that once she receives the petition, "the city clerk *shall* canvass it" to ascertain if it is signed by the requisite number of registered voters. HRCA §25(3) states that the city clerk "*shall* certify the sufficiency or insufficiency of the petition" within 45 days of the filing of the petition and that if the petition contains the required number of signatures "the clerk *shall* submit the proposed amendment to the voters" at the next election. As noted above, the use of the word "shall" indicates a mandatory duty or directive. *Buffa*, 333 Mich App at 435. Under MCL 117.25(3), the city clerk's duty is to canvass the petition to determine whether it has an adequate number of valid signatures and certify the sufficiency or insufficiency of the petition based on that canvass within 45 days of the filing of the petition. Under MCL 117.21(1) and 117.25(3), assuming the petition is deemed to have a sufficient number of signatures, the clerk is required to submit the proposed amendment to the voters at the next election. Nothing in the language of HRCA §§21(1) or 25(3) indicates that the certification or submission is dependent on review by the city council, attorney general, or governor.

Under MCL 168.646a(2), the wording of the ballot question "*must* be certified to the proper local or county clerk not later than 4 p.m. on the twelfth Tuesday before the election." This plain language shows a mandatory duty to complete any certification to the proper clerk at least 12 weeks before election day. Accordingly, under MCL 117.25(3), defendant had 45 days from the date of the petition filing to assess whether it was sufficient or insufficient. Once she deemed it sufficient based on the numbers, she was required by MCL 117.25(3) to submit the proposed amendment to the electors of the city at the next regular municipal or general state election and required by MCL 168.646a(2) to certify the ballot question by August 16, 2022. The other HRCA provisions cited by defendant are not prerequisites to the certifications required by MCL 117.25(3) and MCL 168.646a(2). Defendant's actions were mandated by the plain statutory language of MCL 117.25(3) and MCL 168.646a(2) and so were ministerial. Plaintiff had no other remedy

which could grant it meaningful relief. The trial court did not commit errors of law or abuse its discretion by granting the requested mandamus relief.

We affirm. This opinion shall have immediate effect under MCR 7.215(F)(2).


/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Colleen A. O'Brien